OPINION OF THE COURT
John D. Bennett, J.
This is a construction proceeding by the fiduciary because *676 there are insufficient funds to pay all of the legacies which will require that they abate pro rata. One charitable legatee contends that its devise is a specific gift which is to be paid without abatement.
The gift in question arises under the provisions of article sixth of the codicil which provides: "I direct that all the rest, residue and remainder of my estate, including my home and its contents, of whatsoever nature and wheresoever situate, be sold and liquidated and I give and bequeath such remainder, including any legacy which may have lapsed or otherwise not be distributable, to the Federation of Jewish Philanthropies of New York.”
The issue is whether this created a specific, demonstrative or residuary gift to the Federation of Jewish Philanthropies (hereinafter referred to as the "Federation”). The Federation contends that the legacy is specific or demonstrative since testator’s home and its contents were included in the bequest. Conversely, the North Shore University Hospital and other general legatees contend that the wording merely describes the assets of the estate which must first be applied to the satisfaction of the general legatees.
The language in question is virtually identical with that in another case decided by this court in 1973 (Matter of Culligan, NYLJ, Aug. 10, 1973, p 12, col 6). There, decedent devised the remainder of his estate, including the proceeds from his home, to his son-in-law, as trustee, in trust for testator’s grandchildren. The court concluded that reference to the home did not make the gift a specific devise.
Similarly, from a careful examination of this will, it is apparent that the testator intended to provide for the liquidation of his assets, with the exception of a jade figurine which he specifically bequeathed to friends. The residuary clause, in referring to testator’s home, did not specifically devise the house and its contents to the Federation. The testator intended the residuary clause of his will to merge the proceeds from the sale of his home and its contents with the other assets of his estate. The language of the will fails to indicate an intent on the decedent’s part to favor the Federation above all other legatees. By bequeathing $130,000 to North Shore University Hospital, the testator clearly indicated that his primary intention was to benefit that institution. It is unlikely then that he would have worded the residuary clause in such a way as to create a preference for any other legatee. The *677 court holds, therefore, that the gift to the Federation is not a specific bequest.
The executor also argues that the bequest of the proceeds of testator’s home may be considered a demonstrative legacy under EPTL 1-2.3 which defines such a disposition as "a testamentary disposition of property to be taken out of specified or identified property.” A demonstrative legacy is similar in nature to a general legacy since it bequeaths a specified amount and also resembles a specific legacy by designating the fund from which payment is to be made (Crawford v McCarthy, 159 NY 514, 519). The bequest in article sixth of the codicil is not demonstrative since the testator never indicated his intent to give a specific sum of money to the Federation nor did he display any preference for this beneficiary by specifically earmarking funds for it in his will. Accordingly, the court concludes that the disposition in question is not a demonstrative gift but a residuary legacy.
As the funds of the testator are insufficient to provide for all his bequests, decedent’s home and its contents together with all other assets not specifically disposed of will be liquidated and the proceeds shall be distributed pro rata among all general legatees, the residuary gifts abating completely (EPTL 13-1.3, subd [a], par [2], cl [c]; Matter of Van Deusen, 24 Misc 2d 686).