■ In the Matter of the Estate of LUCIA BORROMETI, Deceased. ALFRED POLIZZOTTO, Respondent; GIOVANNI CONTI et al., Appellants. [656 NYS2d 315] —In a proceeding, *inter alia,* to direct Giovanni Conti, Giovanna Conti, and Gaetano Conti to turn over control of the subject premises to the executor of the Estate of Lucia Borrometi, Giovanni Conti, Giovanna Conti, and Gaetano Conti appeal from so much of an order of the Surrogate's Court, Kings County (Bloom, S.), dated April 22, 1996, as denied their motion for summary judgment dismissing the petition and granted the relief sought in the petitioner's will construction petition.

Ordered that the order is affirmed insofar as appealed from, with one bill of costs payable by the appellants personally to the respondents appearing separately and filing separate briefs.

In interpreting a will, the prime concern is the intent of the testator (*see, Matter of Jones,* 38 NY2d 189; *Matter of Larkin,* 9 NY2d 88). The best evidence of the intent of the testator is the clear and unambiguous language of the will itself (*see, Matter of Larkin, supra),* and we find that the will is clear on its face.

The will states, in relevant part:

"THIRD: With respect to the real property owned by me and located at 168 President Street, Brooklyn, New York which is hereinafter disposed as part of my residuary estate, I hereby give and grant unto my husband ANGELO BORROMETI a life estate in and to said premises for as long as he may live

without any rental payments whatsoever. Upon the death of ANGELO BORROMETI, said premises is to be disposed of according to my residuary herein.

"FOURTH: I give all the rest, residue and remainder of my property and estate, both real and personal, of every kind and wherever located, to which I shall be in any manner entitled at the time of my death (collectively referred to as my 'residuary estate'), as follows:

"A. I give one third of my residuary estate as follows:

(a) If ANGELO BORROMETI survives me, to ANGELO BORROMETI * * *

(b) If ANGELO BORROMETI does not survive me, I give the aforesaid one third of my residuary estate to the other beneficiaries of my residuary estate [Giovanni Conti, Giovanna Conti, Gaetano Conti and their issue]".

The testatrix, Lucia Borrometi, clearly granted her husband, Angelo Borrometi, a one-third interest in her residuary estate, which included the future interests in the premises located at 168 President Street (hereinafter the premises). The only condition precedent to his entitlement in the residuary estate was that he survive the testatrix, which he did. The fact that the testatrix also devised a life estate in his favor did not preclude him from also having a vested future interest in the residuary estate (*see, Matter of Vought,* 57 Misc 2d 396, *affd* 30 AD2d 805, *affd* 25 NY2d 163).

Furthermore, the distribution of the premises through the residuary was not a specific disposition (*see,* EPTL 1-2.17; *see also, Matter of Barnett,* 95 Misc 2d 675; 39 NY Jur 2d, Decedents' Estates, § 980). The court, therefore, correctly determined that the petitioner was entitled to act in relation to the premises and to be compensated accordingly (*see,* SCPA 2307; *see also, Matter of Zahoudanis,* 205 AD2d 547).

The parties' remaining contentions are without merit. Miller, J. P., Sullivan, Santucci and Joy, JJ., concur.