■ Lisa Campbell, Formerly Known as Lisa Passarella, Appellant, v Silver Huntington Enterprises, L. L. C., as Owner and Operator of the Huntington Town House, et al., Respondents. [733 NYS2d 685] —In an action, *inter alia,* to recover damages for breach of contract, the plaintiff appeals from a judgment of the Supreme Court, Nassau County (Mahon, J.), dated August 17, 2000, which, upon the granting of the defendants' motion pursuant to CPLR 4401 to dismiss the complaint at the close of the plaintiff's case, is in favor of the defendants and against her dismissing the complaint.

Ordered that the judgment is reversed, the complaint is reinstated, a new trial is granted, and the matter is remitted to the Supreme Court, Nassau County, for a new trial consistent herewith, with costs to abide the event.

The plaintiff entered into a written agreement with defendants whereby the defendants agreed to provide catering services for her wedding. She subsequently commenced this action seeking damages, *inter alia,* arising from the alleged breach of that agreement. At trial, the Supreme Court directed a verdict in favor of the defendants after the plaintiff's case, finding, among other things, a failure of proof as to damages. We reverse.

Giving the plaintiff the benefit of every reasonable inference to be drawn from the evidence presented, there was a rational basis upon which the jury could have concluded that the defendants breached the subject agreement and that the plaintiff was damaged thereby (*see, Rhabb v New York City Hous. Auth.,* 41 NY2d 200). Further, on the evidence presented, it cannot be said that any award of damages would have necessarily been "merely speculative, possible or imaginary" (*Matter of Rothko,* 43 NY2d 305, 323; *see also, Curiale v Peat, Marwick,*

*Mitchell & Co.,* 214 AD2d 16). Rather, the jury could have rationally awarded damages in an amount representing the "best approximation possible through the exercise of good judgment and common sense" (*Matter of Rothko, supra* at 323; *see also, Curiale v Peat, Marwick, Mitchell & Co., supra*). Recovery will not be denied merely because the quantum of damages is uncertain or difficult to ascertain (*see, Berley Indus. v City of New York,* 45 NY2d 683; *Clark-Fitzpatrick, Inc. v State of New York,* 258 AD2d 431). Thus, the Supreme Court should not have directed a verdict in favor of the defendants.

However, contrary to the plaintiff's contention, she is not entitled to recover damages for emotional distress pursuant to her breach of contract claim. It is well settled that a simple breach of contract is not to be considered a tort unless a legal duty independent of the contract itself has been violated (*see, Clark-Fitzpatrick, Inc. v Long Is. R. R. Co.,* 70 NY2d 382; *Wehringer v Standard Sec. Life Ins. Co.,* 57 NY2d 757; *Fleming v All-State Ins. Co.,* 106 AD2d 426, *affd* 66 NY2d 838, *cert denied* 475 US 1096). Here, the plaintiff failed to demonstrate that the defendant owed and violated such an independent legal duty. Ritter, J. P., Friedmann, Florio and Cozier, JJ., concur.