■ CHRISTOPHER REYES, Appellant, v NEW YORK UNIVERSITY, Respondent. [759 NYS2d 508] —In an action, inter alia, to recover damages for breach of contract, the plaintiff appeals from an order of the Supreme Court, Kings County (Dabiri, J.), dated March 15, 2002, which granted the defendant's motion pursuant to CPLR 3211 (a) (7) to dismiss the complaint.

Ordered that the order is affirmed, with costs.

In recognition of the plaintiff's achievements as a semifinalist in the 1995 Westinghouse Science Talent Search, the defendant, New York University (hereinafter NYU), offered him, then a high school junior, a full four-year scholarship "if" he attended NYU's College of Arts and Science. This scholarship offer was communicated via letter dated June 27, 1995, and expressed the hope that the plaintiff would be joining the class of 2000 which would be entering in the fall of 1996.

The plaintiff did not join the class of 2000, because he never applied for admission. Instead, via letter dated February 13, 2001, the plaintiff's attorney accused NYU of "fail[ing] to follow up with this award and pledge such that [the plaintiff] was never contacted by [NYU], nor was he given an application or any other materials in connection with his scholarship." When NYU did not reinstate the plaintiff's scholarship, nearly six years after the fact, this action was commenced alleging, inter alia, that NYU was in breach of contract and was guilty of fraud. The Supreme Court granted NYU's motion pursuant to CPLR 3211 (a) (7) to dismiss the complaint, resulting in this appeal. We affirm.

The plaintiff failed to produce any authority to support his claim that NYU's offer of a scholarship in 1995, for the academic year beginning in 1996, must continue to be held open in 2001. Institutions of higher education do maintain contractual relationships with their students, and can, under appropriate facts, be liable for breaches regarding scholarships (*see Aronson v University of Miss.*, 828 So 2d 752 [2002] [Miss]; *Imam v Illinois Inst. of Tech.*, 2002 WL 88566, US Dist Lexis 962 [ND Ill, Jan. 23, 2002]). This is not such a case. NYU made a limited offer of a scholarship "if" the plaintiff matriculated in the class of 2000. Obviously, for the plaintiff to attend NYU he

was required to *apply* for admission to NYU. Since the plaintiff failed to satisfy this minimal condition, he has no cognizable contract claims.

Nor does the plaintiff possess a cause of action to recover damages for fraudulent misrepresentation. The documentary evidence adduced by NYU demonstrates that the plaintiff was required to comply with admissions requirements. The plaintiff's vague, conclusory, and patently incredible claims that an NYU recruiter advised him that there was no need for the plaintiff to take the Scholastic Aptitude Test or otherwise seek admission, defy credulity (*see West Branch Conservation Assn. v County of Rockland,* 227 AD2d 547 [1996]). Florio, J.P., S. Miller, Goldstein and Adams, JJ., concur.