In the Matter of GENE CASAMASSIMA, Appellant, v MATTHEW CASAMASSIMA, Respondent. [818 NYS2d 233]—

In a proceeding pursuant to EPTL 7-2.6 (a) (2) to remove the respondent Matthew Casamassima as cotrustee of an irrevocable trust, the petitioner appeals from an order of the Supreme Court, Nassau County (Warshawsky, J.), entered January 26, 2005, which granted that branch of the motion of the respondent Matthew Casamassima which was to dismiss the proceeding pursuant to CPLR 3211 (a) (1).

Ordered that the order is affirmed, with costs.

On a motion to dismiss pursuant to CPLR 3211, the pleading is to be afforded a liberal construction (see CPLR 3026). We accept the facts as alleged in the complaint as true, accord plaintiffs the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory (see 511 W. 232nd Owners Corp. v Jennifer Realty Co., 98 NY2d 144, 151-152 [2002]; Morone v Morone, 50 NY2d 481, 484 [1980]; Rovello v Orofino Realty Co., 40 NY2d 633, 634 [1976]). "Under CPLR 3211 (a) (1), a dismissal is warranted only if the documentary evidence submitted conclusively establishes a defense to the asserted claims as a matter of law" (Leon v Martinez, 84 NY2d 83, 88 [1994]).

Applying these principles to the instant case, the Supreme Court properly granted that branch of the motion of the respondent Matthew Casamassima (hereinafter Matthew), which was to dismiss the petition pursuant to CPLR 3211 (a) (1). Documentary evidence establishes that Matthew and his brother, the petitioner Gene Casamassima (hereinafter Gene), were ap-

pointed cotrustees of an inter vivos trust created by their mother and father in April, 1992. The relevant trust agreement permits the "beneficiaries of any trust hereunder as the Trustees, in the exercise of absolute discretion, determine, to occupy any real property and to use any tangible personal property forming part of the trust estate on such terms as the Trustees, in the exercise of absolute discretion, may determine, whether for rent, rent-free, in consideration of payment of taxes, insurance, maintenance or ordinary repairs, or otherwise."

It is undisputed that in June 1992 the father transferred, to the trust, his title in certain commercial real property. With the consent of both Gene and Matthew, a corporation of which Matthew was the principal owner, and several others in which Matthew and Gene each held an equal interest, began operating out of the commercial real property. The gravamen of Gene's petition seeking to remove Matthew as a cotrustee is his allegation that the corporations occupying the commercial real property, and now under Matthew's control, do not pay rent to the trust. Inasmuch as documentary evidence established that the corporations have that right because the trustees consented to that arrangement, the proceeding was properly dismissed. Santucci, J.P., Spolzino, Lifson and Covello, JJ., concur.