■ In the Matter of the Estate of RICHARD LIPPOLD, Deceased. LISA HANTMAN, Respondent; RICHARD LIPPOLD FOUNDATION, INC., Appellant; TIANA BENWAY et al., Respondents. [839 NYS2d 536]—

In a proceeding, inter alia, to dispossess Augusto Gianni Morselli and the Richard Lippold Foundation, Inc., of certain premises owned by the Richard Lippold Charitable Lead Unitrust and to revoke certain letters of trusteeship issued to Morselli, the Richard Lippold Foundation, Inc., appeals, as limited by its brief, from so much of an order of the Surrogate's Court, Nassau County (Riordan, S.), dated May 9, 2006, as granted that branch of the motion of Tiana Benway, as a trustee of the Richard Lippold Charitable Lead Unitrust, which was for summary judgment dispossessing Augusto Gianni Morselli and the Richard Lippold Foundation, Inc., of the subject premises and denied its cross motion for summary judgment removing Tiana Benway and Lisa Hantman as trustees of the Richard Lippold Charitable Lead Unitrust.

Ordered that the order is affirmed insofar as appealed from, with costs.

As the Surrogate's Court properly determined, the Richard Lippold Charitable Lead Unitrust (hereinafter the Trust) established its prima facie entitlement to summary judgment dispossessing Augusto Gianni Morselli and the Richard Lippold Foundation, Inc. (hereinafter the Foundation) from the subject premises because the clear and unambiguous language of Richard Lippold's last will and testament gave the Trust the authority to sell the premises (*see Matter of Borrometi*, 238

AD2d 416 [1997]). In response, the Foundation failed to raise a triable issue of fact.

The Foundation failed to meet its burden on its cross motion of establishing its entitlement to summary judgment removing Tiana Benway and Lisa Hantman as trustees of the Trust (*see Matter of Casamassima v Casamassima*, 30 AD3d 596 [2006]). Thus, the Surrogate's Court properly denied the Foundation's cross motion, regardless of the sufficiency of the opposing papers (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]). Miller, J.P., Crane, Ritter and Lifson, JJ., concur.