■ DESIREE SARGENT et al., Appellants, v NEW YORK DAILY NEWS, L.P., et al., Respondents. [840 NYS2d 101]—

In an action, inter alia, to recover damages for breach of contract, the plaintiffs appeal, as limited by their notice of appeal and brief, from so much of an order of the Supreme Court, Kings County (Demarest, J.), dated December 15, 2005, as granted those branches of the defendants' separate motions pursuant to CPLR 3211 (a) (1) and (7) which were to dismiss the first cause of action insofar as asserted against them.

Ordered that the order is affirmed insofar as appealed from, with one bill of costs to the defendants appearing separately and filing separate briefs.

On March 19, 2005 the defendant Daily News, L.P., sued herein as New York Daily News, L.P. (hereinafter the Daily News), published in its newspaper a series of numbers indicating which numbers the participants in its "Scratch n' Match" daily game were to scratch off on their game cards, potentially revealing prizes up to the sum of $100,000. The game's official rules were printed on the reverse side of each game card. The contest was being judged and administered by the defendant D.L. Blair, Inc. The following day, the Daily News published a notice in its newspaper indicating that there had been a mistake in the numbers published on March 19, 2005. The March 19, 2005 publication of the "incorrect" numbers resulted in a number of participants claiming to have won the $100,000 prize. Pursuant to a portion of the official rules of the contest setting forth the procedures in the event that an error resulted in more prizes being claimed than were stated to be awarded at any prize level, the defendants conducted a random drawing from among those participants who claimed to have won the $100,000 prize to determine the actual winner.

The plaintiffs, who were among the many game participants who claimed to have won the $100,000 prize based on the publication of the numbers on March 19, 2005, commenced this action by summons and verified complaint, which purported to set forth causes of action sounding, inter alia, in breach of contract, negligence, and gross negligence. The defendants separately moved pursuant to CPLR 3211 (a) (1) and (7) to dismiss the complaint insofar as asserted against them, and the Supreme Court granted their motions. The plaintiffs appeal from so much of the order as granted those branches of the defendants' motions which were to dismiss the first cause of action insofar as asserted against them. We affirm insofar as appealed from.

"On a motion to dismiss pursuant to CPLR 3211, the pleading is to be afforded a liberal construction" (*Matter of Casamassima v Casamassima*, 30 AD3d 596, 596 [2006]; *see* CPLR 3026). The reviewing court "accept[s] the facts as alleged in the complaint as true, accord[s] plaintiffs the benefit of every possible favorable inference, and determine[s] only whether the facts as alleged fit within any cognizable legal theory" (*Matter of Casamassima v Casamassima, supra* at 596).

Here, the Supreme Court properly granted those branches of the defendants' motions pursuant to CPLR 3211 (a) (1) and (7) which were to dismiss the first cause of action insofar as as-

serted against them. The official rules contained a provision stating, "[i]f due to a printing, production or other error, more prizes are claimed than are intended to be awarded for any prize level per the above, the intended prizes will be awarded in a random drawing from among all verified and validated prize claims received for that prize level." The rules also provided that, "[i]n no event will more than the stated number of prizes be awarded." The rules set forth how many prizes at each prize level would be awarded each week. There was to be one $100,000 prize awarded weekly. The rules further provided that "[i]n the event of printing, production or other error, or the distribution of an irregular game card occurs, neither the Daily News, LP, D.L. Blair, Inc., their affiliated companies and agents shall have any liability." The rules also provided that, by participating in the contest, participants agreed to be bound by the official rules.

"It is hornbook law that the rules of a contest constitute a contract offer and that the participant's [entry into] the contest 'constitute[s] an acceptance of that offer, including all of its terms and conditions' " (*Diop v Daily News, L.P.*, 11 Misc 3d 1083[A], 2006 NY Slip Op 50671[U], *3 [2006], quoting *Fujishima v Games Mgt. Servs.*, 110 Misc 2d 970, 976 [1981]; *see Ermolaou v Flipside, Inc.*, 2004 WL 503758, *4, 2004 US Dist LEXIS 3968, *10 [SD NY, Mar. 12, 2004]; *see also Truong v AT&T*, 243 AD2d 278 [1997]). The official rules provided for precisely the circumstances giving rise to this action. The defendants performed in the manner required under the rules. Accordingly, upon the submission of the official rules, which established the terms governing the contractual relationship between the parties, the documentary evidence conclusively established a defense to the plaintiffs' breach of contract claim as a matter of law (*see* CPLR 3211 [a] [1]; *see also Diop v Daily News, L.P., supra*; *Greenwood v Daily News, L.P.*, 8 Misc 3d 1002[A], 2005 NY Slip Op 50885[U] [2005]).

Insofar as the first cause of action purported to state a claim alleging negligence or gross negligence, " 'a simple breach of contract is not to be considered a tort unless a legal duty independent of the contract itself has been violated' " (*Brown v Wyckoff Hgts. Med. Ctr.*, 28 AD3d 412, 413 [2006], quoting *Clark-Fitzpatrick, Inc. v Long Is. R.R. Co.*, 70 NY2d 382, 389 [1987]). Because the plaintiffs failed to allege or demonstrate that the defendants owed them a legal duty independent of the contractual duty, and that they breached that independent duty, the Supreme Court properly granted those branches of the defendants' motions pursuant to CPLR 3211 (a) (1) and (7) which were to dismiss the first cause of action insofar as it

purported to state a claim alleging negligence or gross negligence against them (*see Clark-Fitzpatrick, Inc. v Long Is. R.R. Co., supra; D'Ambrosio v Engel*, 292 AD2d 564, 564-565 [2002]; *Campbell v Silver Huntington Enters.*, 288 AD2d 416, 417 [2001]; *East Meadow Driving School v Bell Atl. Yellow Pages Co.*, 273 AD2d 270, 270-271 [2000]; *Kasem v Philip Morris, USA*, 244 AD2d 532, 533 [1997]; *Banc of Am. Commercial Fin. Corp. v Issacharoff*, 188 Misc 2d 790, 794-796 [2000]; *see also Diop v Daily News, L.P., supra; Greenwood v Daily News, L.P., supra*).

Contrary to the plaintiffs' contentions, they did not allege in their complaint the theory they adopted in their opposition to the defendants' motions to dismiss, that the defendants intentionally printed the incorrect numbers on March 19, 2005 and therefore the exculpatory clauses in the official rules pertaining to errors resulting in more prizes being claimed than were intended to be awarded at a given prize level were inapplicable. The plaintiffs offered no factual allegations and nothing more than pure speculation to support this theory (*cf. Greene v Doral Conference Ctr. Assoc.*, 18 AD3d 429, 430 [2005]; *Reyes v New York Univ.*, 305 AD2d 392, 393 [2003]). Accordingly, insofar as relevant to their claims, and even construing the complaint liberally and affording the plaintiffs the benefit of every favorable inference (*see Matter of Casamassima v Casamassima, supra* at 596), the Supreme Court properly rejected this argument.

The plaintiffs' remaining contentions are without merit. Schmidt, J.P., Crane, Krausman and Dickerson, JJ., concur.