MARIANNE T. SHOECRAFT, Appellant, v BBS AUTOMOTIVE GROUP, INC., Doing Business as CARRIAGE HOUSE MOTOR CARS, et al., Respondents. [853 NYS2d 125]—

In an action, inter alia, to recover damages for breach of fiduciary duty, fraud, and conversion, the plaintiff appeals, as limited by her brief, from so much of a judgment of the Supreme Court, Westchester County (Giacomo, J.), dated November 29, 2006, as, upon the granting of those branches of defendants' motion which were pursuant to CPLR 4401 to dismiss the first, second, and third causes of action at the close of her case, is in favor of the defendants and against her dismissing those causes of action.

Ordered that judgment is modified, on the law, by deleting the provisions dismissing so much of the first and second causes of action as were to recover compensatory damages and by deleting the provision dismissing the third cause of action; as so modified, the judgment is affirmed insofar as appealed from, those branches of the defendants' motion which were pursuant to CPLR 4401 to dismiss so much of the first and second causes of action as were to recover compensatory damages and to dismiss the third cause of action are denied, so much of the first and second causes of action as were to recover compensatory damages and the third cause of action are reinstated, and the

matter is remitted to the Supreme Court, Westchester County, for a new trial on those causes of action, with costs to abide the event.

The plaintiff Marianne T. Shoecraft testified at trial that she entrusted, to the defendants, the vehicle formerly belonging to her decedent Tim H. Shoecraft after the defendant Michael Schudroff offered to sell the vehicle for her on consignment. After the defendants nonetheless sold the vehicle prior to obtaining the plaintiff's permission, the plaintiff commenced this action to recover damages, inter alia, arising from breach of fiduciary duty, fraud, and conversion. At the conclusion of the plaintiff's case, tried before a jury, the Supreme Court, inter alia, granted those branches of the defendants' motion which were pursuant to CPLR 4401 for judgment as a matter of law on the plaintiff's first, second, and third causes of action upon finding, among other things, a failure of proof as to damages. We disagree.

Giving the plaintiff the benefit of every reasonable inference to be drawn from the evidence presented, there was a rational basis upon which the jury could have concluded that the defendants committed a breach of a fiduciary duty, fraud, and/or conversion and that the plaintiff was damaged thereby (see Szczerbiak v Pilat, 90 NY2d 553, 556 [1997]; Rhabb v New York City Hous. Auth., 41 NY2d 200, 202 [1976]; State Farm Ins. Co. v Amana Refrig., 266 AD2d 372 [1999]). On the evidence presented, it cannot be said that any award of damages would have necessarily been "merely speculative, possible or imaginary" (Matter of Rothko, 43 NY2d 305, 323 [1977]; see Curiale v Peat, Marwick, Mitchell & Co., 214 AD2d 16, 25-27 [1995]). Rather, the jury could have rationally awarded damages in an amount representing the "best approximation possible through the exercise of good judgment and common sense" (Matter of Rothko, 43 NY2d at 323; see Curiale v Peat, Marwick, Mitchell & Co., 214 AD2d at 25-27). Recovery will not be denied merely because the quantum of damages is uncertain or difficult to ascertain (see Berley Indus. v City of New York, 45 NY2d 683, 687 [1978]; Campbell v Silver Huntington Enters., 288 AD2d 416, 417 [2001]; Clark-Fitzpatrick, Inc. v State of New York, 258 AD2d 431 [1999]). Thus, the Supreme Court should not have granted those branches of the defendants' motion which were pursuant to CPLR 4401 for judgment as a matter of law on the plaintiff's first, second, and third causes of action.

Contrary to the plaintiff's contention, however, the Supreme Court properly struck so much of the first and second causes of action as were to recover punitive damages, as such an award is

not warranted under the circumstances alleged herein (*see Ross v Louise Wise Servs., Inc.,* 8 NY3d 478, 489 [2007]).

The parties' remaining contentions are without merit, are not properly before the Court, or need not be reached in light of our determination. Mastro, J.P., Skelos, Fisher and McCarthy, JJ., concur.