In an action, inter alia, to recover damages for breach of contract, negligence, fraud, and fraudulent inducement, the plaintiffs appeal, as limited by their brief, from so much an order of the Supreme Court, Kings County (Ruchelsman, J.), dated December 17, 2007, as granted those branches of the defendants’ motion which were pursuant to CPLR 3211 (a) (7) to dismiss the causes of action to recover damages for negligence, fraud, and fraudulent inducement insofar as asserted against the defendant L & G General Construction, Inc., and to dismiss the complaint insofar as asserted against the defendants Lev Namyotov and Eugene Namyotov.
Ordered that the order is affirmed insofar as appealed from, with costs.
In determining a motion to dismiss pursuant to CPLR 3211 (a) (7), “the sole criterion is whether the pleading states a cause of action, and if from its four corners factual allegations are discerned which taken together manifest any cause of action cognizable at law a motion for dismissal will fail” (Guggenheimer v Ginzburg, 43 NY2d 268, 275 [1977]). “The complaint must be liberally construed in the light most favorable to the plaintiffs and all factual allegations must be accepted as true” (Holly v Pennysaver Corp., 98 AD2d 570, 572 [1984]).
“It is a well-established principle that a simple breach of contract is not to be considered a tort unless a legal duty independent of the contract itself has been violated” (Clark-Fitzpatrick, Inc. v Long Is. R.R. Co., 70 NY2d 382, 389 [1987]). The “legal duty must spring from circumstances extraneous to, and not constituting elements of, the contract, although it may be dependent upon the contract” (id. at 389). A contracting party may be held liable in tort to a person not a party to the contract if the contracting party created an unreasonable risk of harm or increased a risk by launching a force or instrument of *527 harm, if the noncontracting party sustained an injury as a result of his or her reasonable reliance upon the contracting party’s continuing performance of a contractual obligation, or where the contracting party has entirely displaced another’s duty to safely maintain the relevant premises (see Regatta Condominium Assn. v Village of Mamaroneck, 303 AD2d 739, 740 [2003]).
Likewise, a cause of action premised upon fraud cannot lie where it is based on the same allegations as the breach of contract claim (see McKernin v Fanny Farmer Candy Shops, 176 AD2d 233 [1991]). Further, mere conclusory language, without specific and detailed allegations establishing material misrepresentations of fact, is insufficient to state a cause of action to recover damages for fraud (see Old Republic Natl. Tit. Ins. Co. v Cardinal Abstract Corp., 14 AD3d 678 [2005]).
Here, the plaintiffs, who entered into a contract for home reconstruction with the defendant L & G General Construction, Inc. (hereinafter L & G), did not allege or demonstrate that the defendants owed them a legal duty independent of the contractual duty (see Sargent v New York Daily News, L.P., 42 AD3d 491 [2007]). The allegations of negligence and fraud are the same as those underpinning the breach of contract cause of action, and “allege[ ] nothing more than a breach of contract and [a breach of] any covenants implied” (New York Univ. v Continental Ins. Co., 87 NY2d 308, 318 [1995]). Moreover, the contracting plaintiffs failed to establish that they sustained any injury or damage to person or property, a requirement of a negligence cause of action (see Benjamin v City of New York, 99 AD2d 995 [1984], affd 64 NY2d 44 [1984]).
The plaintiffs also failed to sufficiently plead a cause of action sounding in fraudulent inducement against the individual defendants Lev Namyotov and Eugene Namyotov.
Accordingly, the Supreme Court properly granted those branches of the defendants’ motion which were to dismiss the causes of action sounding in negligence, fraud, and fraudulent inducement insofar as asserted against L & G and to dismiss the complaint insofar as asserted against Lev Namyotov and Eugene Namyotov. Mastro, J.E, Rivera, Covello and Leventhal, JJ., concur.