■ ANDREW FIORAMONTI et al., Respondents, v ELIZABETH McGRATH et al., Appellants. [919 NYS2d 907]—

In an action, inter alia, to recover damages for fraud, the defendants appeal, as limited by their brief, from so much of an amended judgment of the Supreme Court, Suffolk County (Pines, J.), entered October 28, 2009, as, upon the denial of that branch of their motion which was pursuant to CPLR 4401 for judgment as a matter of law dismissing the cause of action alleging fraud in the inducement and the plaintiffs' demand for punitive damages, and upon a jury verdict awarding the plaintiffs the sums of $253,000 in compensatory damages and $204,000 in punitive damages, is in favor of the plaintiffs and against them in the principal sum of $457,000.

Ordered that the amended judgment is modified, on the law, by deleting the provision thereof awarding punitive damages in the sum of $204,000; as so modified, the amended judgment is affirmed insofar as appealed from, without costs or disbursements, and that branch of the plaintiffs' motion which was pursuant to CPLR 4401 for judgment as a matter of law dismissing the plaintiffs' demand for punitive damages is granted.

The plaintiffs alleged, inter alia, that the defendants committed fraud in the inducement in connection with the sale of the defendants' business to them. At trial, a jury found for the plaintiffs and awarded them compensatory and punitive damages. The Supreme Court entered judgment upon the verdict.

The defendants' contention regarding the Supreme Court's

denial of that branch of their motion which was for judgment as a matter of law (*see* CPLR 4401) dismissing the plaintiffs' cause of action alleging fraud in the inducement is without merit (*cf. Anderson v Meador*, 56 AD3d 1030, 1036 [2008]; *Mix v Neff*, 99 AD2d 180, 183 [1984]). The Supreme Court erred, however, in denying that branch of the defendants' motion which was for judgment as a matter of law dismissing the plaintiffs' demand for punitive damages (*see Shoecraft v BBS Automotive Group, Inc.*, 48 AD3d 786, 787-788 [2008]). The fraud was not directed at the public generally and was not so gross, wanton, or willful, or of such high moral culpability as to justify an award of punitive damages (*see Borkowski v Borkowski*, 39 NY2d 982, 983 [1976]; *Schneer v Bellantoni*, 250 AD2d 666 [1998]).

In light of our determination that an award of punitive damages was not justified, it is not necessary to address the defendants' contention that the amount awarded for punitive damages was excessive. Skelos, J.P., Balkin, Austin and Sgroi, JJ., concur.