22-1514-cv(L)
Gladsky v. Frank Scobbo Contractors Inc.

**UNITED STATES COURT OF APPEALS**
**FOR THE SECOND CIRCUIT**

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 11th day of July, two thousand twenty-three.

PRESENT:  GERARD E. LYNCH,
RAYMOND J. LOHIER, JR.,
MARIA ARAÚJO KAHN,
*Circuit Judges.*

------------------------------------------------------------------

JOHN GLADSKY, DBA Gladsky Marine,
SEACOAST MARINE SERVICES, INC.,

*Plaintiffs-Appellees-Cross-Appellants,*

v.

Nos. 22-1514-cv(L), 22-1642-cv(XAP)

FRANK SCOBBO CONTRACTORS INC.,
SCOBBO FOUNDATION SYSTEMS, division of
Frank Scobbo Contractors Inc., FRANK SCOBBO,
DBA Scobbo Contractors, Inc., DBA Frank Scobbo,

*Defendants-Appellants-Cross-Appellees.*

------------------------------------------------------------------

FOR DEFENDANTS-APPELLANTS-CROSS-APPELLEES: BRIAN T. MCCARTHY, Abrams, Fensterman, LLP, Lake Success, NY

FOR PLAINTIFFS-APPELLEES-CROSS-APPELLANTS: HELEN M. BENZIE, Law Office of Vincent D. McNamara, East Norwich, NY

Appeal from a judgment of the United States District Court for the Eastern District of New York (Gary R. Brown, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the District Court is AFFIRMED.

Defendants Frank Scobbo Contractors Inc., Scobbo Foundation Systems, and Frank Scobbo appeal from a judgment of the United States District Court for the Eastern District of New York (Brown, J.) in favor of Plaintiffs John Gladsky dba Gladsky Marine ("Gladsky Plaintiffs") and Seacoast Marine Services, Inc. ("Seacoast"), resulting in a $75,000 damages award. The Plaintiffs cross-appeal the District Court's judgment in favor of the Defendants on the Defendants' counterclaims and an award of $27,966 in damages to the Defendants. We assume the parties' familiarity with the underlying facts and the record of prior proceedings, to which we refer only as necessary to explain our decision to affirm.

2

## I. Background

Without a written agreement, the Defendants chartered a barge, "Nite Moves 11547" (the "Barge"), from one or both of the Plaintiffs in July 2013. During the ensuing charter, the Barge suffered damage. The Plaintiffs subsequently sought recovery for that damage. They brought suit against the Defendants alleging various counts including breach of their oral charter agreement and maritime bailment. The Plaintiffs later filed an amended complaint removing Seacoast as a plaintiff. After failing to persuade the District Court to dismiss the entire case, the Defendants filed an answer and asserted two counterclaims sounding, respectively, in conversion and unjust enrichment.

Following a bench trial, the District Court amended the complaint to restore Seacoast as a plaintiff and awarded $75,000 to the Plaintiffs and $27,966 to the Defendants. The District Court subsequently issued a supplemental order explaining that, even if Seacoast was the sole charter counterparty, the fact that "the Gladsky plaintiff[s] clearly held an ownership interest in the vessel . . . creates alternative bases for liability." Joint App'x 9. Specifically, "[t]he Gladsky plaintiffs were, at a minimum, third-party beneficiaries" of the Defendants' contractual duty to maintain insurance on the Barge, or,

3

alternatively, the Defendants' "failure to properly safeguard" the Barge "result[ed] in liability running to [the Gladsky] plaintiffs" on the bailment claim "irrespective of the corporate status or party standing of Seacoast." Id.

## II. The Defendants' Appeal

Our standards of review of a district court's findings of fact and conclusions of law after a bench trial, including the district court's assessment of witness credibility, are well established. See Mango v. BuzzFeed, Inc., 970 F.3d 167, 170 (2d Cir. 2020) ("[A]fter a bench trial, we review the district court's finding of fact for clear error and its conclusions of law de novo." (quotation marks omitted)); Hamilton Int'l Ltd. v. Vortic LLC, 13 F.4th 264, 271 (2d Cir. 2021) ("We are not allowed to second-guess the court's credibility assessments, and where there are two permissible views of the evidence, the factfinder's choice between them cannot be clearly erroneous." (cleaned up)).

The Defendants argue that the District Court lacked sufficient evidence to conclude that there was an oral contract between Gladsky and Scobbo. But the District Court found that the "Gladsky plaintiffs" were entitled to damages because they were "at a minimum, third-party beneficiaries" of the Defendants' contractual duty to maintain insurance on the Barge, not just parties to an oral

4

contract. Joint App'x 9. There was evidence at trial to support this finding. According to testimony at trial, the Barge was marked "Gladsky" and "GladskyMarine.com," Gladsky and Scobbo spoke to each other when the Barge was chartered, Gladsky "didn't need" Seacoast for his operations, Joint App'x 272, Gladsky held himself out in business as "John Gladsky," and a 2007 survey of the Barge was addressed to Gladsky. The District Court thus did not clearly err when it found that Gladsky owned the Barge or when it concluded that Gladsky was, at a minimum, a third-party beneficiary of the oral charter agreement. See Caprer v. Nussbaum, 825 N.Y.S.2d 55, 76 (2d Dep't 2006); Roosevelt Islanders for Responsible Southtown Dev. v. Roosevelt Island Operating Corp., 735 N.Y.S.2d 83, 98 (1st Dep't 2001). On appeal, moreover, the Defendants do not challenge the legal conclusion that a third-party beneficiary of the contract could sue under New York law to recover losses incurred as a result of the Defendants' failure to maintain insurance.

We thus affirm the District Court's conclusion that the Defendants are liable to the Plaintiffs. Accordingly, we need not address the Defendants' arguments challenging the District Court's alternative holdings.

The Defendants also argue that the District Court lacked sufficient

5

evidence to conclude that the Plaintiffs were entitled to the full amount of damages the District Court awarded. They assert, more specifically, that the Plaintiffs failed to provide invoices for checks spent on repairs or photographs confirming the actual repairs performed. But the Plaintiffs' expert, who surveyed the Barge in 2012 shortly before the charter, and then again in 2015 shortly after the charter, testified that the Barge sustained $75,000 worth of damages during the period of time during which the Defendants had exclusive possession and control over it. Having determined that the Plaintiffs' actual repair cost of $95,000 in damages was excessive, the District Court was entitled to credit the expert's testimony in order to calculate an appropriate reduction. See Hamilton Int'l, 13 F.4th at 271.

### III. The Plaintiffs' Cross Appeal

The Plaintiffs challenge the District Court's award of $27,966 in damages to the Defendants on the counterclaims arising from the Plaintiffs' conversion of the property left on the Barge at the end of the charter. The Plaintiffs contend that Gladsky had a maritime lien on the property that allowed him to retain the property to offset the damages. See Arochem Corp. v. Wilomi, Inc., 962 F.2d 496, 499 (5th Cir. 1992); The Bird of Paradise, 72 U.S. (5 Wall) 545, 554–55 (1866).

6

But the Plaintiffs did not develop that argument in the proceedings before the District Court. Rather, they argued that a maritime lien entitled them to "storage charges," so that, if the Defendants' counterclaim offset the Plaintiffs' damages, the Plaintiffs were entitled to "an offset to the offset." Joint App'x 235. But the Plaintiffs failed to introduce any evidence regarding these "storage charges." We thus decline to consider this argument on appeal. See United States ex rel. Keshner v. Nursing Personnel Home Care, 794 F.3d 232, 234 (2d Cir. 2015).

The Plaintiffs also argue that the damages award on the counterclaim was excessive. They contend that the Defendants supported only $13,267 of their claimed damages with invoices, and that we should reduce the Defendants' award accordingly.[1] We reject the Plaintiffs' request to reduce the damage award. The Defendants adequately supported their claimed property damages by introducing testimony from Scobbo showing what property was left on the Barge and its value. The Defendants were not required to introduce invoices or expert testimony for each piece of property and were instead entitled to rely on

---

[1] We understand the Plaintiffs, at oral argument, to have withdrawn their challenge to the damage award based on a purported computational error.

testimonial evidence.   See In re Rothko, 43 N.Y.2d 305, 323 (1977); Shoecraft v. BBS Automotive Grp., 853 N.Y.S.2d 125, 126–27 (2d Dep't 2008).

We have considered the parties' remaining arguments and conclude that they are without merit.   For the foregoing reasons, the judgment of the District Court is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court
