■ DANIEL C. DEPASQUALE, Appellant, v ESTATE OF JOSEPH C. DEPASQUALE et al., Respondents. [843 NYS2d 357]—

In an action, inter alia, to recover damages for breach of contract, the plaintiff appeals (1) from so much of an order of the Supreme Court, Queens County (Nelson, J.), entered June 1, 2006, as granted those branches of the defendants' motion pursuant to CPLR 3211 (a) (1) and (7) which were to dismiss the second, fourth, and fifth causes of action in the original complaint, and (2), as limited by his notice of appeal and brief, from so much of an order of the same court entered December 19, 2006, as, upon the defendants' cross motion, among other things, in effect, for leave to reargue, struck the second, fourth, and fifth causes of action in the amended complaint.

Ordered that the appeal from the order entered June 1, 2006 is dismissed as academic; and it is further,

Ordered that the order entered December 19, 2006 is modified, on the law, by deleting the provision thereof striking the fourth and fifth causes of action from the amended complaint; as so modified, the order entered December 19, 2006 is affirmed insofar as appealed from, and it is further,

Ordered that one bill of costs is awarded to the plaintiff.

The plaintiff commenced the instant action, inter alia, to recover damages for breach of contract seeking, among other things, a share of the profits from certain business operations. The Supreme Court granted those branches of the defendants' motion which were to dismiss the second cause of action alleging breach of an oral agreement, the fourth cause of action alleging unjust enrichment, and the fifth cause of action seeking the imposition of a constructive trust, but denied those branches of the defendants' motion which were to dismiss the two remaining causes of action. The plaintiff moved for leave to reargue, and the defendants, in effect, cross-moved for leave to reargue. Before the motion and the cross motion were decided, the plaintiff served an amended complaint. Thereafter, the Supreme

Court, upon that branch of the defendant's cross motion which was, in effect, for leave to reargue, struck the second, fourth, and fifth causes of action from the amended complaint, which were identical to those previously dismissed from the original complaint. We modify.

Because the original complaint was superseded by the amended complaint, the plaintiff's appeal from the order entered June 1, 2006, referable to the original complaint, has been rendered academic (*see Weber v Goss*, 18 AD3d 540 [2005]).

The Supreme Court properly dismissed the plaintiff's second cause of action alleging breach of an oral agreement on the ground that the defendants produced documentary evidence conclusively establishing a defense as a matter of law (*see* CPLR 3211 [a] [1]; *511 W. 232nd Owners Corp. v Jennifer Realty Co.*, 98 NY2d 144, 152 [2002]; *Matter of Casamassima v Casamassima*, 30 AD3d 596 [2006]). The alleged oral agreement directly contradicted a typewritten contract signed by the plaintiff, and thus, the plaintiff may not seek to vary the unambiguous terms of the written contract with evidence of a contemporaneous oral agreement (*see W.W.W. Assoc. v Giancontieri*, 77 NY2d 157, 162 [1990]).

However, the Supreme Court should not have dismissed the fourth cause of action pursuant to CPLR 3211 (a) (1). The plaintiff stated a cause of action to recover damages for unjust enrichment, sounding in quasi-contract, for amounts loaned to the defendant Debro Manufacturing Corp. (*see Carriafielio-Diehl & Assoc., Inc. v D&M Elec. Contr., Inc.*, 12 AD3d 478, 479 [2004]), which the defendants failed to refute with documentary evidence conclusively establishing the satisfaction of all amounts allegedly due (*see 511 W. 232nd Owners Corp. v Jennifer Realty Co.*, 98 NY2d 144 [2002]; *Matter of Casamassima v Casamassima*, 30 AD3d 596 [2006]). Moreover, to the extent that the first cause of action alleging breach of a handwritten agreement covers the same subject matter as the plaintiff's equitable claim for unjust enrichment, the plaintiff is not required to elect his remedies where, as here, there is a bona fide dispute as to the existence of an express contract (*see Hochman v LaRea*, 14 AD3d 653, 654-655 [2005]).

Further, the Supreme Court should not have dismissed the fifth cause of action pursuant to CPLR 3211 (a) (1) and (7). Accepting the facts alleged in the complaint as true, and according the plaintiff the benefit of every possible favorable inference (*see Leon v Martinez*, 84 NY2d 83, 87-88 [1994]), the plaintiff alleged all elements of an equitable cause of action for the imposition of a constructive trust upon sums of money loaned to the

defendant Debro Manufacturing Corp. (*see Gottlieb v Gottlieb,* 166 AD2d 413, 414 [1990]). Schmidt, J.P., Rivera, Krausman and Florio, JJ., concur. [*See* 12 Misc 3d 1195(A), 2006 NY Slip Op 51581(U) (2006).]