■ BOBASH, INC., Respondent, v SAMUEL FESTINGER, Defendant, and GEORGE EDRICH et al., Appellants. [868 NYS2d 747]—

Since the amended complaint was superseded by the second amended complaint, the appeal from the order dated March 30, 2007, referable to the amended complaint, has been rendered academic (*see DePasquale v Estate of DePasquale*, 44 AD3d 606 [2007]).

In July 1994 Ester Edrich, the sister of the defendant Samuel Festinger, purchased real property located at 607 Avenue K in Brooklyn (hereinafter the property) from a third party. Ester Edrich died on January 21, 1999 and her husband, the defendant George Edrich, was appointed as the executor of her estate. On June 2, 2003 George Edrich, in his capacity as executor, caused title in the property to be transferred to himself in his individual capacity. Thereafter, Festinger commenced an action against George Edrich, as well as several of the defendants in

the within action, alleging that Ester Edrich had purchased the property solely with funds provided by him, and agreed to hold the subject property for his sole benefit. Accordingly, in his action, Festinger sought, among other things, the imposition of a constructive trust upon and transfer of title to the property.

On or about December 9, 2004 Bashir Majid and Robert DeBenedictis obtained a judgment against Festinger in an unrelated action in the principal sum of $220,480.28 (hereinafter the judgment). On or about July 15, 2005 Bashir Majid and Robert DeBenedictis, for valuable consideration, assigned the judgment to the plaintiff in this action Bobash, Inc.

In December 2005 the plaintiff, in an effort to collect on the judgment, commenced this action against Festinger, as well as the appellants George Edrich, Bruce Edrich, Dina R. Edrich, Jonathan R. Edrich, and Ellen Y. Baratz. In the second amended complaint, the plaintiff seeks, inter alia, to set aside the 1994 and 2003 transfers of the property based upon allegations of constructive fraudulent conveyances and actual fraud. The plaintiff also seeks punitive damages.

The gravamen of this action is that the plaintiff, as a judgment creditor of Festinger, is entitled to enforce the judgment against the property, which was fraudulently conveyed to Festinger's sister Ester Edrich in 1994 and which was thereafter fraudulently conveyed in 2003 to George Edrich upon Ester Edrich's death. The appellants moved to cancel the notice of pendency against the property, upon the posting of an undertaking pursuant to CPLR 6515, pursuant to CPLR 3211 (a) (5) to dismiss, as time-barred, so much of the second amended complaint insofar as asserted against them as alleged constructive fraudulent conveyances and actual fraud in relation to the transfers of the property, and pursuant to CPLR 3211 (a) (7) to dismiss so much of the second amended complaint as asserted a demand for punitive damages against them based upon allegations of fraudulent conveyances. In an order dated August 24, 2007 the Supreme Court denied the appellants' motion. We modify.

The Supreme Court improvidently exercised its discretion in denying that branch of the appellants' motion which was to cancel the notice of pendency, upon the posting of an undertaking pursuant to CPLR 6515. That branch of the motion should have been granted, conditioned upon the appellants' posting of an undertaking in the sum of $500,000, since the ultimate object of this action is to enforce a money judgment against the property rather than to affect title to the property, and it is apparent "that adequate relief can be secured to the plaintiff by the giving of such an undertaking" (CPLR 6515 [1]).

A cause of action based on constructive fraud in New York is governed by a six-year statute of limitations (*see* CPLR 213 [8]), and such a cause of action arises at the time the fraudulent conveyance occurs (*see Ehrler v Cataffo*, 42 AD3d 424 [2007]; *Island Holding v O'Brien*, 6 AD3d 498, 500 [2004]; *Wall St. Assoc. v Brodsky*, 257 AD2d 526, 530 [1999]). Equitable estoppel applies to preclude a defendant from asserting a statute of limitations' defense where the defendant's affirmative wrongdoing, fraud, misrepresentations, or deception induced the plaintiff to refrain from commencing a timely action (*see Zumpano v Quinn*, 6 NY3d 666, 673 [2006]; *Simcuski v Saeli*, 44 NY2d 442, 448-449 [1978]; *Santo B. v Roman Catholic Archdiocese of N.Y.*, 51 AD3d 956 [2008]). The affirmative wrongdoing must be separate and apart from the underlying claim (*see Zumpano v Quinn*, 6 NY3d at 674-675). This action was commenced more than six years after the 1994 conveyance of the property. Thus, the constructive fraudulent conveyance claims premised upon the 1994 conveyance are time-barred. Contrary to the Supreme Court's determination, the appellants are not estopped from raising the statute of limitations defense insofar as the 1994 conveyance is concerned, since the alleged misrepresentation or act of concealment formed the basis of both the plaintiff's estoppel argument and its underlying substantive cause of action (*see Santo B. v Roman Catholic Archdiocese of N.Y.*, 51 AD3d at 956; *3636 Greystone Owners, Inc. v Greystone Bldg. Co.*, 51 AD3d 461 [2008]; *Reiner v Jaeger*, 50 AD3d 761 [2008]; *Giarratano v Silver*, 46 AD3d 1053 [2007]). Accordingly, the Supreme Court should have granted that branch of the appellants' motion which was pursuant to CPLR 3211 (a) (5) to dismiss, as time-barred, so much of the second amended complaint insofar as asserted against them as alleged a constructive fraudulent conveyance of the property based on the 1994 conveyance to Ester Edrich. However, since this action was commenced within six years of the 2003 conveyance to George Edrich, so much of the second amended complaint as alleged a constructive fraudulent conveyance based upon that conveyance, is not time-barred.

The Supreme Court should have granted that branch of the appellants' motion which was pursuant to CPLR 3211 (a) (7) to dismiss so much of the second amended complaint as asserted a demand for punitive damages against them based upon allegations of fraudulent conveyances. A fraudulent conveyance of real property does not give rise to punitive damages, even if it was effected with intent to avoid creditors, such as the plaintiff judgment creditor herein (*see Cadle Co. v Organes Enters., Inc.*, 29 AD3d 927 [2006]). Rivera, J.P., Lifson, Eng and Chambers, JJ., concur. [*See* 15 Misc 3d 1114(A), 2007 NY Slip Op 50645(U).]