■ Pourquoi M.P.S., Inc., Appellant, v Worldstar International, Ltd., Respondent, et al. Defendant. [881 NYS2d 327]—In an action, inter alia, to recover payment for goods sold and delivered, the plaintiff appeals from so much of an order of the Supreme Court, Queens County (Kitzes, J.), dated May 8, 2007, as denied that branch of its motion which was to allow an adverse inference against the defendant Worldstar International, Ltd., regarding that defendant's affirmative defenses to the amended complaint, and, upon renewal, adhered to a determination in a prior order dated May 24, 2006, denying those branches of its motion which were for summary judgment on the amended complaint and to dismiss that defendant's affirmative defenses to the amended complaint.

Motion by the defendant Worldstar International, Ltd., inter alia, to dismiss the appeal on the ground that it has been rendered academic. By decision and order on motion of this Court dated June 5, 2008 [2008 NY Slip Op 73822(U)], as amended by decision and order on motion of this Court dated April 21, 2009 [2009 NY Slip Op 70162(U)], that branch of the motion which was to dismiss the appeal on the ground that it has been rendered academic was held in abeyance and was referred to the Justices hearing the appeal for determination upon the argument or submission thereof.

Upon the papers filed in support of the motion and the papers filed in opposition thereto, and upon the argument of the appeal, it is,

Ordered that the branch of the motion which is to dismiss the appeal on the ground that it has been rendered academic is granted; and it is further,

Ordered that the appeal is dismissed; and it is further,

Ordered that one bill of costs is awarded to the defendant Worldstar International, Ltd.

The order appealed from relates to the plaintiff's amended complaint, and the affirmative defenses set forth in the answer thereto of the defendant Worldstar International, Ltd. However, those pleadings are no longer viable as they have been superseded by new pleadings alleging new causes of action (*see Penniman v Fuller & Warren Co.*, 133 NY 442, 444 [1892]; *Bobash, Inc. v Festinger*, 57 AD3d 464, 465 [2008]; *Williams v Feig*, 12 AD3d 504, 505 [2004]; *Schoenborn v Kinderhill Corp.*, 98 AD2d 831, 832 [1983]; *Hawley v Travelers Indem. Co.*, 90 AD2d 684 [1982]; *Halmar Distribs. v Approved Mfg. Corp.*, 49 AD2d 841

[1975]; *Millard v Delaware, Lackawanna & W. R.R. Co.*, 204 App Div 80, 83 [1923]; *Branower & Son, Inc. v Waldes*, 173 App Div 676, 678 [1916]). Accordingly, the appeal has been rendered academic and must be dismissed (*see generally Chalasani v Neuman*, 64 NY2d 879, 880 [1985]; *Bobash, Inc. v Festinger*, 57 AD3d at 465; *DePasquale v Estate of DePasquale*, 44 AD3d 606, 607 [2007]; *Stefanopoulos v Action Airport Serv. of L.I., Inc.*, 35 AD3d 590 [2006]; *Weber v Goss*, 18 AD3d 540 [2005]; *Monter v Massachusetts Mut. Life Ins. Co.*, 12 AD3d 650, 651 [2004]; *Williams v Feig*, 12 AD3d at 505; *Van Valkenburgh, Nooger & Neville v Rider Publ.*, 24 AD2d 437, 438 [1965]). Skelos, J.P., Angiolillo, Balkin and Belen, JJ., concur. [*See* 2007 NY Slip Op 31275(U).]