■ GARY D. GOTLIN, Richmond County Public Administrator, as Administrator of the Estate of HAILEY GONZALEZ, Deceased, Respondent, v CITY OF NEW YORK et al., Appellants. [936 NYS2d 208]—

In 2007, a 21-month-old child (hereinafter the decedent) died three days after suffering a severe beating at the hands of her mother's boyfriend, who allegedly had a prior conviction for assaulting a child. Prior to the decedent's death, the New York City Administration for Children's Services (hereinafter ACS), had a history of interaction with the decedent's family.

In 2008, the plaintiff, the Public Administrator of Richmond County, commenced this action, in his capacity as the administrator of the decedent's estate, against the City of New York, ACS, and numerous ACS employees, alleging three causes of action: negligent supervision, wrongful death, and violations of 42 USC § 1983, respectively. The defendants moved pursuant to CPLR 3211 (a) (7) to dismiss the complaint and, in an order dated October 30, 2009, the Supreme Court denied those branches of the motion which were to dismiss the first and second causes of action. Thereafter, the plaintiff prepared an amended complaint containing additional allegations, but did not include a cause of action alleging violations of 42 USC § 1983. In an order dated August 18, 2010, the Supreme Court granted the plaintiff's motion pursuant to CPLR 3025 (b) for leave to amend the complaint and, upon granting that motion, denied the defendants' cross motion pursuant to CPLR 3211 (a) (7) to dismiss the amended complaint.

The defendants' contention that the Supreme Court should have denied leave to amend the complaint is without merit. " 'In the absence of prejudice or surprise to the opposing party, leave to amend a pleading should be freely granted unless the proposed amendment is palpably insufficient or patently devoid

of merit' " (*Malanga v Chamberlain*, 71 AD3d 644, 646 [2010], quoting *G.K. Alan Assoc., Inc. v Lazzari*, 44 AD3d 95, 99 [2007], *affd* 10 NY3d 941 [2008]). Moreover, "[a] determination whether to grant such leave is within the Supreme Court's broad discretion, and the exercise of that discretion will not be lightly disturbed" (*Peerless Ins. Co. v Micro Fibertek, Inc.*, 67 AD3d 978, 980 [2009]). The defendants provide no legitimate basis for this Court to disturb the Supreme Court's determination.

The defendants next assert that the amended complaint should have been dismissed pursuant to CPLR 3211 (a) (7) because the plaintiff cannot establish that the decedent shared a special relationship with them. "[A] municipality is immune from negligence claims arising out of the performance of its governmental functions unless the injured person establishes a special relationship with the municipality which would create a special duty of protection with respect to that individual" (*Joline v City of New York*, 32 AD3d 492, 494 [2006] [internal quotation marks omitted]). In *McLean v City of New York* (12 NY3d 194 [2009]), the Court of Appeals reiterated the long-standing rule that "[a] special relationship can be formed in three ways: (1) when the municipality violates a statutory duty enacted for the benefit of a particular class of persons; (2) when [the municipality] voluntarily assumes a duty that generates justifiable reliance by the person who benefits from the duty; or (3) when the municipality assumes positive direction and control in the face of a known, blatant and dangerous safety violation" (*id.* at 199 [internal quotation marks omitted]).

The plaintiff alleges a special relationship based on the voluntary assumption by the defendants of a duty. The elements of a special relationship based on voluntary assumption are as follows: "(1) an assumption by the municipality, through promises or actions, of an affirmative duty to act on behalf of the party who was injured; (2) knowledge on the part of the municipality's agents that inaction could lead to harm; (3) some form of direct contact between the municipality's agents and the injured party; and (4) that party's justifiable reliance on the municipality's affirmative undertaking" (*id.* at 201 [internal quotation marks omitted]). Contrary to the defendants' contention, the plaintiff has adequately alleged in the amended complaint all of the elements necessary to support his position. Moreover, the defendants failed to establish that the acts attributed to them in the amended complaint constitute "an integral part of the judicial process," thereby warranting dismissal of the amended complaint on the ground of judicial immunity (*Mosher-Simons v County of Allegany*, 99 NY2d 214, 220 [2002]; *see Steel v State*

*of New York*, 307 AD2d 919, 920 [2003]). Accordingly, the defendants' cross motion to dismiss the amended complaint was properly denied.

In light of our determination that the Supreme Court properly granted the plaintiff's motion for leave to amend the complaint and, upon granting that motion, properly denied the defendants' cross motion to dismiss the amended complaint, the appeal from the order dated October 30, 2009, referable to the original complaint, has been rendered academic since the original complaint was superseded by the amended complaint (*see Bobash, Inc. v Festinger*, 57 AD3d 464, 465 [2008]; *DePasquale v Estate of DePasquale*, 44 AD3d 606, 607 [2007]). Florio, J.P., Hall, Austin and Cohen, JJ., concur.