■ CRAFT EM CLO 2006-1, Ltd., et al., Appellants, v Deutsche Bank AG, Respondent. [34 NYS3d 7]—

Order, Supreme Court, New York County (Charles E. Ramos, J.), entered March 26, 2015, which granted defendant's motion to dismiss the amended complaint with prejudice, unanimously affirmed, with costs. Appeal from order, same court and Justice, entered September 9, 2014, which granted defendant's motion to dismiss the original complaint without prejudice, unanimously dismissed, without costs, as moot.

Plaintiffs allege that defendant breached two credit default swap agreements between defendant and CRAFT. However, in the indentures, CRAFT granted nonparty HSBC Bank USA, as trustee, all of CRAFT's rights under the swap agreements, including the right to bring actions and proceedings. Therefore, the motion court, on the record before it, properly found that CRAFT lacked standing to sue (*see James McKinney & Son v Lake Placid 1980 Olympic Games*, 61 NY2d 836, 838 [1984]; *National Fin. Co. v Uh*, 279 AD2d 374, 375 [1st Dept 2001]; *Wagner v Braunsberg*, 5 AD2d 564, 568 [1st Dept 1958]).

Defendant also contends that CRAFT lacks standing because it lacks damages, in that it is a pass-through entity—any recovery it obtains will be passed on to the noteholders. We rejected precisely this argument in *Hildene Capital Mgt., LLC v Bank of N.Y. Mellon*, 105 AD3d 436, 437-438 [1st Dept 2013]).

As noted earlier, the contracts for whose breach plaintiffs are suing are between defendant and CRAFT; plaintiff Arco Capital Corporation Ltd. is not a party to those contracts. That plaintiff Arco is a note holder and a third-party beneficiary under the indentures does not mean that it is a third-party beneficiary of the swap agreements (*see ASR Levensverzekering NV v Breithorn ABS Funding plc*, 102 AD3d 556, 557 [1st Dept 2013]).

We have considered plaintiffs' remaining arguments and find that they do not warrant reversal or further modification of the 2015 order.

The original complaint was superseded by the amended

complaint (*see e.g. Plaza PH2001 LLC v Plaza Residential Owner LP*, 98 AD3d 89, 99 [1st Dept 2012]). Therefore, we dismiss as moot plaintiffs' appeal from the order dismissing the original complaint (*see MBIA Ins. Corp. v Countrywide Home Loans, Inc.*, 87 AD3d 287, 293 n 5 [1st Dept 2011]).

CRAFT now asserts that it subsequently entered into an agreement in which HSBC assigned back to CRAFT any and all rights it had to sue defendant under the swap agreement relating to the class E and F notes. However, that agreement is not part of the appellate record and the issue should be addressed in the first instance in the motion court. Concur—Friedman, J.P., Renwick, Moskowitz, Richter and Kapnick, JJ.