■ CHANA TAUB, Appellant, v HENRY SCHON et al., Respondents, and ANNA SCHON et al., Intervenors-Respondents. [51 NYS3d 127]—Appeal from an order of the Supreme Court, Nassau County (Thomas A. Adams, J.), entered February 4, 2015. The order, insofar as appealed from, sua sponte, directed the dismissal of the first, second, third, fifth, and seventh causes of action; denied, as academic, that branch of the plaintiff's cross motion which was to stay arbitration of those causes of action; granted that branch of the motion of the defendants and the intervenors which was to compel arbitration of the sixth cause of action; and denied that branch of the plaintiff's cross motion which was to stay arbitration of that cause of action.

Ordered that the appeal is dismissed, with costs.

The plaintiff holds a 50% membership interest in Astoria Pines Holding Co., LLC (hereinafter Astoria Pines), which was formed to develop a site for a nursing home. In July 2014, the plaintiff commenced this action against the defendants, who served as managers of Astoria Pines, inter alia, to recover damages for breach of fiduciary duty and for a judgment declaring that she was entitled to 50% of the monthly distributions to members of Astoria Pines. The plaintiff alleged that Astoria Pines was funded by rent from a tenant, which was deposited into an operating account used to cover the monthly expenses of Astoria Pines, with the remaining funds disbursed to her and the other two members of Astoria Pines, Anna Schon and Rosemarie Weingarten (hereinafter together the intervenors). She further alleged that the defendants improperly diverted the rental income to a new bank account without notice to her or her consent. The defendants and the intervenors moved, inter alia, to compel arbitration pursuant to an arbitration provision in the operating agreement for Astoria Pines, and the plaintiff cross-moved to stay arbitration.

In an order entered February 4, 2015, the Supreme Court, inter alia, (1) sua sponte, directed the dismissal of all causes of action other than the sixth cause of action, which sought a judgment declaring that the plaintiff was entitled to 50% of the monthly distributions to members of Astoria Pines, (2) denied,

as academic, that branch of the plaintiff's cross motion which was to stay arbitration of those causes of action, (3) granted that branch of the motion of the defendants and the intervenors which was to compel arbitration of the sixth cause of action, and (4) denied that branch of the plaintiff's cross motion which was to stay arbitration of the sixth cause of action. The court determined, among other things, that the plaintiff could not assert any of the causes of action other than the sixth cause of action in her individual capacity and, thus, directed the dismissal of those causes of action with leave to replead on behalf of Astoria Pines. The plaintiff appeals from the above-described portions of the order, except to the extent that it directed the dismissal of the fourth cause of action.

In February 2015, the plaintiff filed an amended complaint "derivatively on behalf of" Astoria Pines. The amended complaint asserted three causes of action, which corresponded to three of the causes of action asserted in the original complaint, except that the relief was now sought derivatively on behalf of Astoria Pines. In an order entered September 18, 2015, which is the subject of a related appeal decided herewith, the Supreme Court denied, as premature, the defendants' motion, among other things, pursuant to CPLR 3211 (a) to dismiss the amended complaint (*see Taub v Schon*, 148 AD3d 1203 [2017] [decided herewith]).

The original complaint was superseded by the amended complaint. The original complaint is no longer viable, inasmuch as the amended complaint "takes the place of the original pleading" (*100 Hudson Tenants Corp. v Laber*, 98 AD2d 692, 692 [1983]; *see Pourquoi M.P.S., Inc. v Worldstar Intl., Ltd.*, 64 AD3d 551 [2009]). Thus, the appeal from those portions of the order entered February 4, 2015, which determined that branch of the motion of the defendants and the intervenors which was to compel arbitration of the sixth cause of action in the original complaint and the plaintiff's cross motion to stay arbitration of all causes of action in the original complaint, has been rendered academic (*see Chalasani v Neuman*, 64 NY2d 879, 880 [1985]; *CRAFT EM CLO 2006-1, Ltd. v Deutsche Bank AG*, 139 AD3d 638, 638-639 [2016]; *Gotlin v City of New York*, 90 AD3d 605, 608 [2011]; *Pourquoi M.P.S., Inc. v Worldstar Intl., Ltd.*, 64 AD3d 551, 551-552 [2009]; *DePasquale v Estate of DePasquale*, 44 AD3d 606, 607 [2007]; *Elegante Leasing, Ltd. v Cross Trans Svc, Inc.*, 11 AD3d 650 [2004]).

Moreover, no appeal lies as of right from the portion of the order which, sua sponte, directed the dismissal of the first, second, third, fifth, and seventh causes of action, since that

portion of the order did not decide a motion made on notice (*see* CPLR 5701 [a] [2]). Since any appeal from that portion of the order has also been rendered academic by the filing of the amended complaint, we decline to grant leave to appeal from that portion of the order (*see* CPLR 5701 [c]). Dillon, J.P., Roman, Hinds-Radix and Duffy, JJ., concur.

Motion by the plaintiff on an appeal from an order of the Supreme Court, Nassau County, entered February 4, 2015, for the Court to take judicial notice of an order of the same court entered September 18, 2015. By decision and order on motion of this Court dated December 22, 2015, the motion was held in abeyance and referred to the panel of Justices hearing the appeal for determination upon the argument or submission thereof.

Upon the papers filed in support of the motion and the papers filed in opposition thereto, and upon the argument of the appeal, it is

Ordered that the motion is granted. Dillon, J.P., Roman, Hinds-Radix and Duffy, JJ., concur.