■ Jose A. Gomez, Individually and as Proposed Administrator for Jose Gomez Rodriguez, Deceased, Respondent, v Buena Vida Corporation et al., Defendants, and Wyckoff Heights Medical Center, Appellant. (And Third-Party Actions.) [58 NYS3d 517]—

In an action, inter alia, to recover damages for medical malpractice, the defendant Wyckoff Heights Medical Center appeals from an order of the Supreme Court, Kings County (Jacobson, J.), dated February 26, 2015, which granted the plaintiff's motion for leave to amend the complaint to the extent of permitting the plaintiff to add a cause of action against it alleging negligent hiring, retention, and supervision of Akella Chendrasekhar.

Ordered that the order is affirmed, with costs.

The plaintiff's decedent was allegedly treated by Akella Chendrasekhar, among other physicians, at Wyckoff Heights Medical Center (hereinafter the hospital) at various times between January 2008 and June 2008 for decubitus ulcers, or bed sores. The bed sores allegedly failed to improve during the decedent's treatment at the hospital, and he died in September 2008. In April 2009, the plaintiff commenced this action against, among others, the hospital, inter alia, to recover damages for medical malpractice. The hospital subsequently commenced two third-party actions against several physicians involved in the decedent's care, including Chendrasekhar. As a

result of a motion by Chendrasekhar to disqualify the attorneys for the hospital, the plaintiff learned of Chendrasekhar's professional disciplinary history, which included proceedings against him in five different states, and his medical malpractice history, which included six medical malpractice actions pending in the Supreme Court in which he was named a defendant. The plaintiff then moved for leave to amend the complaint to add a cause of action against the hospital alleging negligent hiring, retention, and supervision of Chendrasekhar and its doctors and staff. The Supreme Court granted the motion to the extent of permitting the plaintiff to add a cause of action against the hospital alleging negligent hiring, retention, and supervision of Chendrasekhar. The hospital appeals.

"In the absence of prejudice or surprise to the opposing party, leave to amend a pleading should be freely granted unless the proposed amendment is palpably insufficient or patently devoid of merit" (*Marcum, LLP v Silva*, 117 AD3d 917, 917 [2014]; *see* CPLR 3025 [b]; *Davis v South Nassau Communities Hosp.*, 26 NY3d 563, 580 [2015]).

Here, the Supreme Court providently exercised its discretion in granting the plaintiff's motion, as the hospital failed to establish that the proposed amendment was palpably insufficient or patently devoid of merit (*see Faiella v Tysens Park Apts., LLC*, 110 AD3d 1028, 1029 [2013]; *Leibel v Flynn Hill El. Co.*, 25 AD3d 768, 768 [2006]). Moreover, the hospital failed to demonstrate prejudice or surprise. Contrary to the hospital's contention, prejudice is more than "the mere exposure of the defendant to greater liability" (*Loomis v Civetta Corinno Constr. Corp.*, 54 NY2d 18, 23 [1981]; *see Kimso Apts., LLC v Gandhi*, 24 NY3d 403, 411 [2014]). Balkin, J.P., Chambers, Maltese and Duffy, JJ., concur.