Appeal from an order of the Supreme Court, Kings County (Larry D. Martin, J.), dated July 7, 2015. The order, insofar as appealed from, granted the motion of the defendant Wells Fargo Home Mortgage, Inc., to dismiss the complaint insofar as asserted against it and denied that branch of the plaintiffs’ cross motion which was for leave to amend the complaint to assert a cause of action against the defendant Wells Fargo Home Mortgage, Inc., to recover damages for unjust enrichment.
 

 Ordered that the appeal from so much of the order as granted the motion of the defendant Wells Fargo Home Mortgage, Inc., to dismiss the complaint insofar as asserted against it is dismissed as academic; and it is further,
 

 Ordered that the order is reversed insofar as reviewed, on the facts and in the exercise of discretion, and that branch of the plaintiffs’ cross motion which was for leave to amend the complaint to assert a cause of action against the defendant Wells Fargo Home Mortgage, Inc., to recover damages for unjust enrichment is granted; and it is further,
 

 Ordered that one bill of costs is awarded to the plaintiffs.
 

 In 1988, the plaintiffs contracted to purchase a multi-family dwelling in Brooklyn, but had Salvatore Passalacqua purchase the property in order to avoid payment of a broker’s commission. The plaintiffs paid $75,000 toward the purchase price, and Passalacqua financed the remainder of the purchase price with a $225,000 mortgage loan from Greenpoint Savings Bank (hereinafter Greenpoint). After Passalacqua purchased the premises, he entered into a contract with the plaintiffs to convey the property to them. According to the contract, the plaintiffs were to assume the Greenpoint mortgage and receive a credit of $75,000 at the closing. However, prior to the closing, Passalacqua disappeared. The Surrogate’s Court issued restricted temporary letters of administration to the defendants Salvatore R. Passalacqua and Joseph Passalacqua (hereinafter together the Passalacquas) to administer their absentee father’s property, including the subject premises. The plaintiffs resided at the premises for the next decade, leasing apartments to tenants, collecting rents, and paying expenses, including the Greenpoint mortgage. In 1999, they moved to Florida and arranged for rents to be paid to their attorney. However, after six months, Salvatore R. Passalacqua began collecting rent payments from the tenants. On March 15, 2000, the Surrogate’s Court declared the elder Passalacqua dead as of January 1, 1994, and authorized distribution of his estate.
 

 On April 17, 2001, the plaintiffs commenced a turnover proceeding in the Surrogate’s Court to compel the Passalacquas to execute a deed conveying the premises to the plaintiffs. On February 13, 2002, the plaintiffs filed a notice of pendency on the premises, stating that they had commenced an action for specific performance. On February 22, 2002, the Passalacquas transferred the premises to themselves individually, and obtained a $285,000 mortgage loan from the defendant Wells Fargo Home Mortgage, Inc. (hereinafter Wells Fargo). The Pas-salacquas subsequently obtained another mortgage loan from Wells Fargo for $5,584.95. The two loans were consolidated into a consolidated note and a consolidated mortgage in the sum of $277,000. A portion of the Wells Fargo mortgage proceeds satisfied the remaining $42,180.43 balance on the Greenpoint mortgage.
 

 In 2005, the Surrogate’s Court granted the plaintiffs’ petition, determining that they were entitled to specific performance of the contract and the Passalacquas held title as constructive trustees for them. The court directed the Pas-salacquas to convey the premises to the plaintiffs. The Pas-salacquas failed to do so and, in 2010, the plaintiffs sought to hold them in contempt. The court, among other things, declared void the February 22, 2002, deed and again directed conveyance of the premises, which conveyance was finally effectuated by a deed dated November 17, 2010.
 

 The plaintiffs commenced this action against the Pas-salacquas and Wells Fargo to cancel the consolidated mortgage held by Wells Fargo, and moved for summary judgment on the complaint. In an order dated July 5, 2012, the Supreme Court denied the motion and, upon searching the record, awarded the defendants summary judgment dismissing the complaint. The plaintiffs appealed. However, during the pendency of the appeal, Wells Fargo accelerated the debt and sought full payment by a date certain to avoid the filing of a foreclosure action. The plaintiffs sold the premises and, in conjunction, paid Wells Fargo $216,038.05 in satisfaction of the consolidated mortgage. Upon Wells Fargo’s motion, this Court dismissed the appeal from the July 5, 2012, order as academic. However, to prevent that unreviewable order from spawning adverse legal consequences due to its res judicata effect, this Court vacated so much of the order as awarded the defendants summary judgment dismissing the complaint (see Mannino v Wells Fargo Home Mtge., Inc., 120 AD3d 638, 639 [2014]).
 

 Wells Fargo thereafter moved to dismiss the complaint insofar as asserted against it. The plaintiffs cross-moved for leave to amend the complaint to assert unjust enrichment causes of action against both Wells Fargo and the Pas-salacquas, seeking restitution of the sums they paid to satisfy the mortgage, and to assert additional causes of action against the Passalacquas. In the order appealed from, the Supreme Court granted Wells Fargo’s motion and granted the plaintiffs leave to amend the complaint to assert their proposed causes of action against the Passalacquas. The court denied that branch of the plaintiffs’ cross motion which was for leave to amend the complaint to assert an unjust enrichment cause of action against Wells Fargo, determining that the proposed cause of action was palpably insufficient. The court deemed the original complaint amended as proposed, except for the proposed unjust enrichment cause of action asserted against Wells Fargo, and deemed the amended complaint served upon the Passalacquas upon service of the order with notice of entry. The plaintiffs appeal.
 

 In the absence of prejudice or surprise to the opposing party, leave to amend a pleading should be freely granted unless the proposed amendment is palpably insufficient or patently devoid of merit (see CPLR 3025 [b]; Gomez v Buena Vida Corp., 152 AD3d 497, 498 [2017]; Galanova v Safir, 127 AD3d 686 [2015]).
 

 The theory of unjust enrichment is “rooted in ‘the equitable principle that a person shall not be allowed to enrich himself unjustly at the expense of another’ ” (Georgia Malone & Co., Inc. v Rieder, 19 NY3d 511, 516 [2012], quoting Miller v Schloss, 218 NY 400, 407 [1916]). “The essential inquiry in any action for unjust enrichment or restitution is whether it is against equity and good conscience to permit the defendant to retain what is sought to be recovered” (Paramount Film Distrib. Corp. v State of New York, 30 NY2d 415, 421 [1972]). To adequately plead such a cause of action, a plaintiff must allege that “(1) the other party was enriched, (2) at that party’s expense, and (3) that it is against equity and good conscience to permit the other party to retain what is sought to be recovered” (Mandarin Trading Ltd. v Wildenstein, 16 NY3d 173, 182 [2011] [brackets and internal quotation marks omitted]; see Georgia Malone & Co., Inc. v Rieder, 19 NY3d at 516).
 

 Here, the Supreme Court erred in determining that the proposed unjust enrichment cause of action against Wells Fargo was palpably insufficient based upon its factual findings in the order dated July 5, 2012. This Court vacated so much of that order as awarded the defendants summary judgment dismissing the complaint. Accordingly, the Supreme Court’s finding in that order that the consolidated mortgage was valid should not have been relied upon by the Supreme Court as law of the case. In any event, where applied to trial court determinations, the doctrine of law of the case is not binding on an appellate court (see Precision Window Sys., Inc. v EMB Contr. Corp., 149 AD3d 883, 884 [2017]; Brown-Jodoin v Pirrotti, 138 AD3d 661, 663 [2016]).
 

 In their original complaint, amplified by an affidavit submitted to the Supreme Court (see Tirpack v 125 N. 10, LLC, 130 AD3d 917, 918-919 [2015]), the plaintiffs alleged that Wells Fargo was not a bona fide encumbrancer for value since it had previous notice of their ownership claim by virtue of the notice of pendency filed prior to the execution of the first Wells Fargo mortgage and a title exception referencing their lawsuit (see Real Property Law § 266; CPLR 6501; 5303 Realty Corp. v O & Y Equity Corp., 64 NY2d 313, 318 [1984]; Anderson v Blood, 152 NY 285, 293 [1897]; Stout St. Fund I, L.P. v Halifax Group, LLC, 148 AD3d 744, 746 [2017]). While the doctrine of equitable subrogation would apply to the extent that the proceeds from the first Wells Fargo mortgage were used to pay off the Greenpoint mortgage (see Zeidel v Dunne, 215 AD2d 472, 474 [1995]; Whitestone Sav. & Loan Assn. v Moring, 286 App Div 1042, 1043 [1955]), the plaintiffs’ success on their original complaint would have resulted in the reduction of Wells Fargo’s mortgage lien on the premises. However, prior to the determination of their appeal from the summary judgment order, the plaintiffs sold the premises and satisfied the consolidated mortgage under threat of foreclosure.
 

 Contrary to Wells Fargo’s contention, the plaintiffs could not have avoided foreclosure by raising their challenge to the validity of the consolidated mortgage in a foreclosure proceeding, since an argument that a mortgage lien should be reduced is not a defense to foreclosure, but is properly raised before the referee in computing the amount due (see Josovich v Ceylan, 133 AD3d 570, 573 [2015]; Johnson v Gaughan, 128 AD2d 756, 757 [1987]). Given the allegations that Wells Fargo was not a bona fide encumbrancer for value and, thus, the mortgage lien should have been reduced, and that Wells Fargo itself caused the sale of the premises and satisfaction of its consolidated mortgage by threatening foreclosure before determination of the prior appeal, the plaintiffs sufficiently alleged that Wells Fargo was enriched by their payment of the full mortgage debt, at their expense, and that it would be against equity and good conscience to permit Wells Fargo to retain the full payment (cf. Mandarin Trading Ltd. v Wildenstein, 16 NY3d at 182). Therefore, the proposed unjust enrichment cause of action against Wells Fargo was not palpably insufficient. As Wells Fargo would not be prejudiced or surprised by the amendment, the Supreme Court improvidently exercised its discretion in denying the plaintiffs leave to amend the complaint to assert an unjust enrichment cause of action against Wells Fargo (see Finkelstein v Lincoln Natl. Corp., 107 AD3d 759, 761 [2013]).
 

 In light of our determination, that portion of the appeal which is referable to Wells Fargo’s motion to dismiss the original complaint insofar as asserted against it has been rendered academic, since the original complaint was superseded by the amended complaint (see Gotlin v City of New York, 90 AD3d 605, 608 [2011]; Bobash, Inc. v Festinger, 57 AD3d 464, 465 [2008]; DePasquale v Estate of DePasquale, 44 AD3d 606, 607 [2007]).
 

 Eng, P.J., Roman, Miller and Christopher, JJ., concur.