Golia v Vieira (2018 NY Slip Op 04537)





Golia v Vieira


2018 NY Slip Op 04537


Decided on June 20, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 20, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
JEFFREY A. COHEN
ROBERT J. MILLER
BETSY BARROS, JJ.


2016-02323
 (Index No. 702457/14)

[*1]Michael J. Golia, appellant-respondent, 
v
Jeffrey Vieira, etc., et al., defendants, Long Island College Hospital, respondent-appellant.


Campolo, Middleton & McCormick, LLP, Ronkonkoma, NY (William J. McDonald of counsel), for appellant-respondent.
Wilson Elser Moskowitz Edelman & Dicker LLP, New York, NY (Ricki E. Roer, William F. Cusack, and Alexandra C. Manfredi of counsel), for respondent-appellant.



DECISION & ORDER
In an action, inter alia, to recover damages for beach of contract, the plaintiff appeals, and the defendant Long Island College Hospital cross-appeals, from an order of the Supreme Court, Queens County (Robert J. McDonald, J.), entered February 1, 2016. The order, insofar as appealed from, upon renewal, in effect, adhered to the determination in an order of the same court entered August 20, 2015, granting those branches of the motion of the defendant Long Island College Hospital pursuant to CPLR 3211(a) which were to dismiss so much of the first cause of action as alleged breach of contract based upon the decision not to renew the plaintiff's resident agreement and the second through sixth causes of action insofar as asserted against it. The order, insofar as cross-appealed from, granted that branch of the plaintiff's motion which was for leave to renew his opposition to the prior motion of the defendant Long Island College Hospital pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against it and, upon renewal, denied that branch of the prior motion pursuant to CPLR 3211(a) which was to dismiss so much of the first cause of action as alleged breach of contract based upon the failure to provide the plaintiff with due process and procedural rights.
ORDERED that the appeal and cross appeal are dismissed as academic, without costs or disbursements.
The original complaint in this action was superseded by an amended complaint (see Golia v Vieira, _____ AD3d _____ [Appellate Division Docket No. 2016-12969; decided herewith]). "The original complaint is no longer viable, inasmuch as the amended complaint takes the place of the original pleading'" (Taub v Schon, 148 AD3d 1200, 1201, quoting 100 Hudson Tenants Corp. v Laber, 98 AD2d 692, 692; see Pourquoi M.P.S., Inc. v Worldstar Intl., Ltd., 64 AD3d 551; Land v Merchants Despatch Transp. Co., 255 App Div 929, 929). Thus, the appeal and cross appeal from the order entered February 1, 2016, which determined the plaintiff's motion, inter alia, for leave to renew his opposition to the prior motion of the defendant Long Island College Hospital pursuant to CPLR 3211(a) to dismiss the original complaint insofar as asserted against it, has been rendered academic (see Chalasani v Neuman, 64 NY2d 879, 880; Mannino v Wells Fargo Home Mtge., Inc., 155 AD3d 860, 864; CRAFT EM CLO 2006-1, Ltd. v Deutsche Bank AG, 139 [*2]AD3d 638, 638-639; Pourquoi M.P.S., Inc. v Worldstar Intl., Ltd., 64 AD3d at 551-552; DePasquale v Estate of DePasquale, 44 AD3d 606, 607).
DILLON, J.P., COHEN, MILLER and BARROS, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court