Golia v Vieira (2018 NY Slip Op 04536)





Golia v Vieira


2018 NY Slip Op 04536


Decided on June 20, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 20, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
JEFFREY A. COHEN
ROBERT J. MILLER
BETSY BARROS, JJ.


2015-09740
 (Index No. 702457/14)

[*1]Michael J. Golia, etc., appellant, 
v
Jeffrey Vieira, etc., et al., defendants, Long Island College Hospital, respondent.


Campolo, Middleton & McCormick, LLP, Ronkonkoma, NY (William J. McDonald of counsel), for appellant.
Wilson Elser Moskowitz Edelman & Dicker LLP, New York, NY (Ricki E. Roer, William F. Cusack, and Alexandra C. Manfredi of counsel), for respondent.



DECISION & ORDER
In an action, inter alia, to recover damages for beach of contract, the plaintiff appeals from an order of the Supreme Court, Queens County (Robert J. McDonald, J.), entered August 20, 2015. The order, insofar as appealed from, granted those branches of the motion of the defendant Long Island College Hospital pursuant to CPLR 3211(a) which were to dismiss so much of the first cause of action as alleged breach of contract based upon the decision not to renew the plaintiff's resident agreement and the second through sixth causes of action insofar as asserted against it.
ORDERED that the appeal is dismissed as academic, without costs or disbursements.
In October 2010, the Department of Internal Medicine (hereinafter the Department) of the defendant Long Island College Hospital (hereinafter LICH) informed the plaintiff, a physician in his first year of a residency training program, that LICH would not be renewing his resident agreement, which was for a term of 12 months beginning on June 23, 2010, and ending on June 22, 2011. The Department informed the plaintiff that it made this decision based upon the plaintiff's unsatisfactory performance and inadequate medical knowledge. In May 2011, SUNY Downstate Medical Center (hereinafter SUNY Downstate) acquired LICH and its residency training program. In connection with the acquisition, the plaintiff signed a resident agreement with SUNY Downstate (hereinafter the SUNY resident agreement) on May 2, 2011, terminating his employment with LICH and appointing him as a temporary clinical assistant instructor and member of the house staff for a term beginning on May 1, 2011, and ending on June 22, 2011. The SUNY resident agreement was not renewed by SUNY Downstate at the expiration of the term.
In April 2014, the plaintiff commenced this action against LICH, among others, asserting causes of action to recover damages for breach of contract, tortious interference with contract, tortious interference with prospective economic relations, defamation, and negligent transmission of false information, and for injunctive relief, including expurgation of the term "terminated" or "fired" from his personnel file. In an order entered August 20, 2015, the Supreme Court granted LICH's motion pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against it. The plaintiff appeals from portions of the order.
In April 2016, the plaintiff served an amended complaint as of right pursuant to CPLR 3025(a) (see Golia v Vieira, _____ AD3d _____ [Appellate Division Docket No. 2016-12969; decided herewith]). The amended complaint contained substantially the same factual allegations as the original complaint, but clarified the allegations against LICH and added three causes of action.
The original complaint was superseded by the amended complaint. "The original complaint is no longer viable, inasmuch as the amended complaint takes the place of the original pleading'" (Taub v Schon, 148 AD3d 1200, 1201, quoting 100 Hudson Tenants Corp. v Laber, 98 AD2d 692, 692; see Pourquoi M.P.S., Inc. v Worldstar Intl., Ltd., 64 AD3d 551; Land v Merchants Despatch Transp. Co., 255 App Div 929, 929). Thus, the appeal from the order entered August 20, 2015, which granted LICH's motion pursuant to CPLR 3211(a) to dismiss the original complaint, has been rendered academic (see Chalasani v Neuman, 64 NY2d 879, 880; Mannino v Wells Fargo Home Mtge., Inc., 155 AD3d 860, 864; CRAFT EM CLO 2006-1, Ltd. v Deutsche Bank AG, 139 AD3d 638, 638-639; Pourquoi M.P.S., Inc. v Worldstar Intl., Ltd., 64 AD3d at 551-552; DePasquale v Estate of DePasquale, 44 AD3d 606, 607).
DILLON, J.P., COHEN, MILLER and BARROS, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court