Tarlo v 270 Fifth St. Corp. (2024 NY Slip Op 50457(U))

[*1]

Tarlo v 270 Fifth St. Corp.

2024 NY Slip Op 50457(U)

Decided on April 19, 2024

Supreme Court, Kings County

Maslow, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on April 19, 2024
Supreme Court, Kings County

Judith Tarlo and David Tarlo, Plaintiffs,

against
270 Fifth Street Corp., Defendant.

Index No. 500146/2015

Davidoff Hutcher & Citron LLP, New York City (Alexander P. McBride, of counsel), for Plaintiffs.
Law Office of Michael J. Marino, Nyack (Michael J. Marino, of counsel), for Defendant. 

Aaron D. Maslow, J.

The following numbered papers were read on this motion:
NYSCEF Doc No. 1: Summons and Complaint
NYSCEF Doc No. 68: Answer
NYSCEF Doc No. 178: Justice Lawrence Knipel's Order dated July 13, 2022, and entered July 14, 2022
NYSCEF Doc No. 180: Amended Complaint
NYSCEF Doc No. 229: Letter dated April 5, 2023 from Derek Wolman, Esq.
NYSCEF Doc No. 241: Email dated April 5, 2023 from Michael J. Marino, Esq.
NYSCEF Doc No. 244: Notice of Cross-Motion
NYSCEF Doc No. 245: Affirmation of Michael J. Marino, Esq. in Support of Cross-Motion
NYSCEF Doc No. 246: Affirmation of Good Faith of Michael J. Marino, Esq.
NYSCEF Doc No. 247: Exhibit 1 — Justice Paul Wooten's Order dated April 19, 2018, and entered May 3, 2018
NYSCEF Doc No. 248: Exhibit 2 — Appellate Division, Second Department Decision & Order entered January 26, 2022
NYSCEF Doc No. 249: Exhibit 3 — Letter to Court dated January 25, 2023 from Michael J. Marino, Esq.
NYSCEF Doc No. 250: Exhibit 4 — Email dated April 4, 2023 from Michael J. Marino, Esq.
NYSCEF Doc No. 251: Exhibit 5 — Amended Answer to Amended Complaint and Counterclaim
NYSCEF Doc No. 252: Exhibit 6 — Notice of Demand for Discovery and Inspection
NYSCEF Doc No. 253: Exhibit 7 — Email dated October 27, 2022 from Alexander McBride, Esq.
NYSCEF Doc No. 254: Exhibit 8 — Letter dated October 27, 2022 from Alexander McBride, Esq.
NYSCEF Doc No. 255: Exhibit 9 — Responses to Defendant's Demand for Discovery and Inspection
NYSCEF Doc No. 256: Exhibit 10 — Plaintiff's Notice of Depositions
NYSCEF Doc No. 257: Exhibit 11 — Email dated October 2, 2022 from Michael J. Marino, Esq.
NYSCEF Doc No. 258: Affirmation in Further Support of Plaintiff's Motion to Compel Depositions and in Opposition to Defendant's Cross-Motion
Upon the foregoing papers and having heard oral argument on the record from appearing counsel, the within motion is determined as follows.
Preamble
This action gives rise to an ever-recurring issue, namely, the unanticipated procedural collateral effects attendant to a party's amendment of a pleading. As shall become apparent, a party faced with an adversary's ostensibly mundane motion to amend a pleading ought to consider the potential adverse strategic consequences associated with failing to oppose such motion, lest its position in the case be imperiled.

 Nature of the Action
In February 2012, Plaintiffs Judith Tarlo and David Tarlo (collectively "Plaintiffs") purchased a duplex apartment (the "Apartment") in a residential cooperative building pursuant to a proprietary lease (see NYSCEF Doc No. 248, Second Department Decision & Order at 2). The building ("Building"), located in the Park Slope neighborhood of Brooklyn, is owned by Defendant 270 Fifth Street Corp. ("Defendant") (id.).
Plaintiffs allegedly experienced incidents of water infiltration in June 2013 and April 2014, as the Apartment took in water on the southeast side of the Building (id.). Plaintiffs assert that Defendant failed to alleviate the water infiltration condition notwithstanding Plaintiffs' [*2]repeated requests that the issue be addressed (id.). 
Thereafter, on January 6, 2015, Plaintiffs commenced the present action, asserting causes of action for breach of the proprietary lease and breach of the implied warranty of habitability, and seeking injunctive relief to compel Defendant to remediate the alleged water infiltration (id.).

 Defendant's Cross-Motion for a Stay
As detailed below, Defendant has interposed a cross-motion to stay the present action pending the Supreme Court's compliance with the direction of the Second Department embodied in its Decision & Order entered on January 26, 2022 (see NYSCEF Doc No. 244, Notice of Cross-Motion; see also NYSCEF Doc No. 248, Second Department Decision & Order at 2-3).[FN1]

As set forth below, Defendant's cross-motion is unavailing, based on the procedural posture of the case, coupled with Second Department precedent.

 Underlying Motion for Summary Judgment
By Order entered on May 2, 2018, Justice Paul Wooten granted partial summary judgment to Defendant ("Justice Wooten's Order"), which order reads, in pertinent part, as follows:
Upon review of the foregoing record and hearing oral argument on the herein motions the Court finds that defendant's cross-motion (motion sequence 5) is granted only to the extent that Plaintiff's second cause of action for injunctive relief is dismissed. It is hereby ordered that the remainder of the cross-motion (MS 5) and Plaintiff Notice of Motion (motion sequence 4) and this entire matter pursuant to CPLR 325 (d) of the CPLR is transferred to the Civil Court of the City of New York, County of Kings, and payment of further fees of such character as may have been paid in this Court shall not be required in said Civil Court and such fees shall be deemed to have been paid herein, and the County Clerk is directed to transfer all papers on file in the above action to said Civil Court.
 

 (See NYSCEF Doc No. 247, Justice Wooten's Order at 1-2.)

 Second Department Decision & Order Reversing Justice Wooten's Order

Subsequently, in its Decision & Order entered on January 26, 2022, the Second [*3]Department reversed Justice Wooten's Order, which Decision & Order ("Second Department Decision & Order") reads, in pertinent part, as follows:
Accordingly, we reverse the order dated April 19, 2018, and remit the matter to the Supreme Court, Kings County, for a determination on the merits of the plaintiffs' motion for summary judgment on the complaint and the defendant's cross motion for summary judgment dismissing the complaint.
(NYSCEF Doc No. 248, Second Department Decision & Order at 2-3.)

 Defendant Posits that in Light of the
 Second Department Decision & Order, this Action Should be Stayed
Defendant relies on the Second Department Decision & Order to opine that in light of it, the instant action should be stayed (see NYSCEF Doc No. 245, Marino Aff ¶¶ 4-5). Defendant's rationale on this front is straightforward.
Defendant argues that in the wake of the Second Department Decision & Order, the Supreme Court has no alternative but to decide Plaintiffs' motion for summary judgment (namely, motion sequence number 4) and Defendant's cross-motion for summary judgment (namely, motion sequence number 5) (id. ¶ 4). Defendant contends that a decision on the parties' motion and cross-motion for summary judgment, which was directed by the Second Department, may obviate the need for substantial discovery as it may prove to be dispositive of the case (id. ¶ 5). Defendant concludes that, to avoid squandering judicial resources and time, continuing the discovery process would be unwise, and, as such, this action should be stayed pending the Supreme Court re-visiting Justice Wooten's Order (id.).
To buttress its position, Defendant relies on CPLR 2201, which provides, in pertinent part, as follows: "Except where otherwise prescribed by law, the court in which an action is pending may grant a stay of proceedings in a proper case, upon such terms as may be just."
The core of Defendant's argument in favor of a stay is articulated as follows in its moving papers:
5. A decision on the parties' motions for summary judgment as was unambiguously directed by the Second Department might obviate the need for a great deal of the proposed discovery and may, in fact, be completely dispositive. From the standpoint of efficiency and judicial economy, it makes no sense to continue with discovery on the amended actions. I made my position quite clear to the Court and to plaintiffs' counsel in my letter dated and filed on January 25, 2023 (Exhibit "3" — Docket # 191) and reiterated in my email to plaintiffs' counsel on April 4, 2023 (Exhibit "4"). Accordingly, pursuant to CPLR 2201 and 2211, these proceedings should be stayed pending a re-decision of the Wooten Order.

 (See NYSCEF Doc No. 245, Marino Aff ¶ 5.)

 
 Defendant's Motion Is Unavailing

In light of the procedural posture of the case, coupled with appellate precedent, Defendant's cross-motion for a stay must be denied.
Specifically, Defendant claims that discovery concerning the Amended Complaint and Amended Answer and Counterclaims should be stayed pending a determination by the Court of seven-year old summary judgment motions concerning the original Complaint filed over nine years ago on January 6, 2015 (see NYSCEF Doc No. 1, Summons and Complaint), which has been superseded by an Amended Complaint, filed close to two years ago on July 14, 2022 (see NYSCEF Doc No. 180, Amended Complaint).
The seven-year old summary judgment motions, which are at the heart of Defendant's motion for a stay, are moot by virtue of both parties' filing of amended pleadings after the Second Department Decision & Order was entered on January 26, 2022 (see NYSCEF Doc No. 248). Specifically, after the Second Department Decision & Order was entered on January 26, 2022, Plaintiffs filed an Amended Complaint on July 14, 2022 (see NYSCEF Doc No. 180) and Defendant filed an Answer to the Amended Complaint on July 22, 2022 (see NYSCEF Doc No. 186).
Under these circumstances, the Court will permit the parties, should they timely opt to do so, to file new motions for summary judgment concerning the amended pleadings (namely, Plaintiffs' Amended Complaint filed on July 14, 2022 and Defendant's Answer to the Amended Complaint filed on July 22, 2022).
Based on appellate precedent, the Second Department Decision & Order entered on January 26, 2022, which pertained to the original Complaint filed more than nine years ago on January 6, 2014 (see NYSCEF Doc No. 1, Summons and Complaint), has been rendered academic given that the original Complaint has been superseded by an Amended Complaint, which was filed on July 14, 2022, after the Second Department Decision & Order was entered on January 26, 2022 (see NYSCEF Doc No. 248, Second Department Decision & Order).
As the Second Department held in a decision in which an appeal was determined to have been rendered academic in circumstances where an amended complaint was filed pending the appeal of an order dismissing claims in the original complaint on the basis that the original complaint was superseded by the amended complaint,
The original complaint was superseded by the amended complaint. The original complaint is no longer viable, inasmuch as the amended complaint "takes the place of the original pleading" (100 Hudson Tenants Corp. v Laber, 98 AD2d 692, 692 [1983]; see Pourquoi M.P.S., Inc. v Worldstar Intl., Ltd., 64 AD3d 551 [2009]). Thus, the appeal from those portions of the order entered February 4, 2015, which determined that branch of the motion of the defendants and the intervenors which was to compel arbitration of the sixth cause of action in the original complaint and the plaintiff's cross motion to stay arbitration of all causes of action in the original complaint, has been [*4]rendered academic (see Chalasani v Neuman, 64 NY2d 879, 880 [1985]; CRAFT EM CLO 2006-1, Ltd. v Deutsche Bank AG, 139 AD3d 638, 638-639 [2016]; Gotlin v City of New York, 90 AD3d 605, 608 [2011]; Pourquoi M.P.S., Inc. v Worldstar Intl., Ltd., 64 AD3d 551, 551-552 [2009]; DePasquale v Estate of DePasquale, 44 AD3d 606, 607 [2007]; Elegante Leasing, Ltd. v Cross Trans Svc, Inc., 11 AD3d 650 [2004]).
(Taub v Schon, 148 AD3d 1200, 1201 [2d Dept 2017] [emphasis added]).
The Second Department echoed its Taub decision in a subsequent case in which it held, as follows, that a defendant's appeal of a partial motion to dismiss the complaint was rendered academic in light of the plaintiff's service of an amended complaint on the ground that the original complaint was superseded by the amended complaint:
The original complaint was superseded by the amended complaint. "The original complaint is no longer viable, inasmuch as the amended complaint 'takes the place of the original pleading' " (Taub v Schon, 148 AD3d 1200, 1201 [2017], quoting 
 100 Hudson Tenants Corp. v Laber, 98 AD2d 692, 692 [1983]; see Pourquoi M.P.S., Inc. v Worldstar Intl., Ltd., 64 AD3d 551 [2009]; 
 Land v Merchants Despatch Transp. Co., 255 App Div 929, 929 [1938]). Thus, the appeal from the order entered August 20, 2015, which granted LICH's motion pursuant to CPLR 3211 (a) to dismiss the original complaint, has been rendered academic (see Chalasani v Neuman, 64 NY2d 879, 880 [1985]; Mannino v Wells Fargo Home Mtge., Inc., 155 AD3d 860, 864 [2017]; CRAFT EM CLO 2006-1, Ltd. v Deutsche Bank AG, 139 AD3d 638, 638-639 [2016]; Pourquoi M.P.S., Inc. v Worldstar Intl., Ltd., 64 AD3d at 551-552; DePasquale v Estate of DePasquale, 44 AD3d 606, 607 [2007]).
(Golia v Vieira, 162 AD3d 863, 864 [2d Dept 2018] [emphasis added]).
In sum, Defendant's cross-motion to stay the present action pending the Supreme Court's compliance with the direction of the Second Department embodied in its Decision & Order entered on January 26, 2022, which pertained to an original Complaint that has since been superseded by the Amended Complaint, is unavailing.
The Second Department's position that an amended complaint supersedes an original complaint is all the more apposite herein in that the Amended Complaint in the present case (see NYSCEF Doc No. 180) is no mere quasi-duplicate of the original Complaint (see NYSCEF Doc No. 1). Rather, the Amended Complaint in the present action markedly expands upon the original Complaint. 
Specifically, in this case involving Plaintiffs' claims against Defendant owner of the residential cooperative building where Plaintiffs' Apartment is located that Defendant failed to alleviate a water infiltration condition, Plaintiffs in the Amended Complaint added four new causes of action that are not featured in the original Complaint: 
(1) A cause of action seeking a declaratory judgment (see NYSCEF Doc No. 180, Amended Complaint ¶¶ 45-49);
(2) A negligence cause of action (id. ¶¶ 61-67);
(3) A nuisance cause of action (id. ¶¶ 68-75); and
(4) A cause of action seeking attorneys' fees (id. ¶¶ 76-80).
Further demarcating the Amended Complaint from the original Complaint, the Amended Complaint features additional claims stemming from allegedly severe flooding events that arose after the Complaint was filed on January 6, 2015, due to Defendant's purported failure to remediate the endemic flooding condition, to wit, severe flooding that occurred on August 21, 2021 and September 1, 2021, more than six years after the original Complaint was filed (id. ¶¶ 30-32).

A Decision by the Court of Appeals Further Undermines Defendant's Position
A Court of Appeals decision further undermines Defendant's position espoused in its cross-motion that this action should be stayed until the Supreme Court complies with the direction of the Second Department set forth in its Decision & Order entered on January 26, 2022, which related to Plaintiffs' original Complaint, a pleading that has been superseded via the Amended Complaint.
Plaintiffs filed the Amended Complaint pursuant to an Order dated July 13, 2022 issued by Justice Lawrence Knipel, which expressly permitted Plaintiffs' filing of an Amended Complaint, as follows:
Plaintiffs move (Motion Sequence 7) for leave to serve and file an amended complaint, which, inter alia, amplifies certain allegations and adds causes of action for negligence and attorney's fees. There is no opposition.
The motion is granted. The amended complaint is deemed served and filed.
(NYSCEF Doc No. 178, Justice Knipel's Order).
Notably, in a wrongful discharge action brought by a physician, the Court of Appeals held as follows that, in a situation where, as here, a plaintiff amended his complaint after the Supreme Court granted his motion to amend it:
Order reversed, without costs, and case remitted to Supreme Court, Nassau County, with directions to amend its disposition by dismissing the original complaint for mootness. The issues involving the original complaint are moot because Special Term has granted plaintiff's motion to amend the complaint. 

 (Chalasani v Neuman, 64 NY2d 879, 880-881 [1985] [emphasis added]).

 
 The Discovery Branch of Defendant's Cross-Motion

With respect to the branch of Defendant's cross-motion (motion sequence number 10), in which Defendant seeks discovery from Plaintiffs, namely, to compel Plaintiffs to comply with Defendant's July 21, 2022 Notice of Demand for Discovery and Inspection (see NYSCEF Doc No. 245, Marino Aff ¶ 2), such discovery-related branch of Defendant's cross-motion is denied with leave to refile via order to show cause, returnable before the Centralized Compliance Part.

 Conclusion
Inasmuch as the original motions for summary judgment have become academic and the Second Department's Decision & Order directing the Supreme Court to determine them has been superseded by the filing of amended pleadings, it is hereby ORDERED that that branch of Defendant's cross-motion to stay the present action pending the Supreme Court's compliance with the Decision & Order of the Second Department entered on January 26, 2022, is DENIED.
It is hereby further ORDERED that the branch of Defendant's cross-motion seeking discovery from Plaintiffs (to wit, to compel Plaintiffs to comply with Defendant's July 21, 2022 Notice of Demand for Discovery and Inspection) (see NYSCEF Doc No. 245, Marino Aff ¶ 2), is DENIED with leave to refile via order to show cause, returnable before the Centralized Compliance Part.
E N T E R
AARON D. MASLOW
Justice of the Supreme Court of the State of New York

Footnotes

Footnote 1: Plaintiffs' motion (namely, motion sequence number 9), which addresses discovery-related issues, was scheduled in Central Compliance Part for April 23, 2024. As such, the sole motion returnable before this Part is Defendant's cross-motion (which was assigned motion sequence number 10).